OSBORN v. LEAGUE LIFE INSURANCE COMPANY

1. INSURANCE—EVIDENCE—JURY QUESTION.

Evidence regarding an insured's employment status and conflicting evidence regarding his activities after surgery made a question for the jury whether he had a regular occupation or was regularly employed within the meaning of a life insurance policy and, if not, whether he was able to engage in the normal and customary activities of a person of his age and sex.

2. INSURANCE—LIFE INSURANCE—PRECONDITION—GOOD HEALTH.

Condition in family group life insurance policy that insurance shall be effective if an insured "is not at the time of his enrollment prohibited by reason of illness from working at his regular occupation or, if he is not regularly employed, from engaging in the normal and customary activities of a person of his age and sex" did not require that an insured be in good health.

3. WITNESSES — IMPEACHMENT — OWN WITNESS — CONTRADICTION — EVIDENCE.

The rule prohibiting impeachment of one's own witness does not preclude a party from offering evidence contradicting that witness's testimony.

4. WITNESSES—ATTORNEY—TESTIFYING.

An attorney at law representing a party may testify on his behalf, although that practice is frowned upon.

Appeal from Common Pleas Court of Detroit, George D. Kent, J.  Submitted Division 1 June 11,

REFERENCES FOR POINTS IN HEADNOTES
[1] 44 Am Jur 2d, Insurance § 2072.
[2] 43 Am Jur 2d, Insurance § 785.
[3] 58 Am Jur, Witnesses § 797.
[4] 58 Am Jur, Witnesses § 152 et seq.

1969, at Detroit.    (Docket No. 5,548.)    Decided October 30, 1969.

Complaint by Donald Osborn and Louise Osborn against League Life Insurance Company, a Michigan corporation, for life insurance benefits. Judgment for plaintiffs. Defendant appeals. Affirmed.

*David H. Fried,* for plaintiffs.

*Zweig, Taback & Remer,* for defendant.

Before: Fitzgerald, P. J., and Levin and T. M. Burns, JJ.

Levin, J. At a time when he was suffering from incurable cancer and was receiving total disability benefits under a group insurance policy,[*] Bruce Osborn applied for a family group life policy with the defendant insurance company. He applied for the policy on July 16, 1965, naming the plaintiffs as beneficiaries. He had theretofore terminated his employment with his last employer, General Motors Corporation (see footnote). He died January 6, 1966.

One of the provisions of the policy stated:

"The insurance hereunder on any eligible member shall become effective on the date he enrolls provided that he enrolls during the special enrollment period or within 31 days after his eligibility date, and is not at the time of his enrollment prohibited

---

[*] The policy entitled Osborn to benefits only if he was unable to perform "any and every duty of his occupation" as a workman for General Motors Corporation. This would have included any job to which he could have been assigned or transferred which, in the opinion of the General Motors labor relations department, did not violate his union's contract with General Motors and which was within his physical capabilities.

by reason of illness from working at his regular occupation or, if he is not regularly employed, from engaging in the normal and customary activities of a person of his age and sex."

The defendant appeals a jury verdict for the face amount of the policy, $2,000. We find no error.

The evidence regarding Osborn's employment status and the conflicting evidence regarding his activities after he underwent surgery made a question for the jury whether he had a regular occupation or was regularly employed within the meaning of the policy and, if not, whether he was able to engage in the normal and customary activities of a person of his age and sex. The precondition to the policy's effectiveness did not require that Osborn be in good health.

We do not think that the trial judge erred in concluding that an adequate foundation was established for the admission of the baseball trophy and that it was relevant evidence on the issue of Osborn's activities following his operation. The objection concerning the drag-racing trophy was waived when the defendant was offered and refused a mistrial.

Although the plaintiff's counsel stated that he desired to impeach one of his own witnesses, he did not in fact attempt to do so. The rule prohibiting impeachment of one's own witness does not preclude a party from offering evidence contradicting that witness's testimony. *People* v. *Lee* (1943), 307 Mich 743, 751, 752; *Ritchie* v. *Reo Sales Corp.* (1935), 272 Mich 684, 688; *Darling* v. *Thompson* (1896), 108 Mich 215, 218, 219. *Cf. Ortega* v. *Lenderink* (1969), 382 Mich 218, 222. Although the practice is frowned upon, an attorney at law representing a party may testify on his behalf. *Jacobs* v. *Weissinger* (1920), 211 Mich 47, 49; *Shapiro* v.

*Wendell Packing Company* (1962), 366 Mich 289, 294. *Cf. Hill* v. *Hairston* (1941), 299 Mich 672, 677. Affirmed. Costs to plaintiffs.

All concurred.