GARDNER v LEAGUE LIFE INSURANCE COMPANY

1. INSURANCE—CREDIT INSURANCE ACT—NOTICE TO DEBTOR.

The Credit Insurance Act requires that all credit life or credit accident and health insurance sold be evidenced by an individual policy or, in the case of group insurance, by a certificate of insurance which must be delivered to the debtor and which must contain a description of the insurance coverage and exceptions, limitations, or restrictions; the act guarantees that debtors will be given notice of the insurance provisions with which they are bound (MCLA 550.608, 550.609, 550.610, 550.611).

2. ESTOPPEL—SILENCE—RELIANCE.

Estoppel may arise when one's silence, when he ought to speak, results in reliance and prejudice to another and rests upon the inequity of permitting one to allege the existence of facts which by his own conduct he has induced another to believe did not exist.

3. INSURANCE—CREDIT INSURANCE ACT—EVIDENCE—EQUITY—ESTOPPEL.

An insurance company which fails to comply with the notice requirements of the Credit Insurance Act requiring notice to the debtor of the terms and exclusionary provisions of the policy is estopped from denying liability where the testimony adduced at trial substantiates the plaintiff borrower's lack of knowledge of the claimed exclusion from coverage and his reliance upon the existence of insurance protection at the time the debt was incurred (MCLA 550.608, 550.609, 550.610, 550.611).

Appeal from Mecosta, Harold Van Domelen, J. Submitted Division 3 March 12, 1973, at Lansing. (Docket No. 13206.) Decided July 26, 1973.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 43 Am Jur 2d, Insurance § 1049.
[2] 43 Am Jur 2d, Insurance §§ 119–1121.

Complaint by James H. Gardner against League Life Insurance Company for specific performance of an insurance contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*Landman, Hathaway, Latimer, Clink & Robb* (by *William M. Newman),* for defendant.

Before: QUINN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

BRONSON, J. The trial judge entered a judgment for plaintiff, finding that his loan from the Muskegon Co-Op Federal Credit Union of Muskegon, Michigan (hereinafter Muskegon Credit Union), was insured under defendant's group death and disability policy of insurance. From this judgment defendant appeals challenging the trial judge's alternate holding that (1) plaintiff satisfied the eligibility provision of the master policy by possessing a good faith belief that he could perform the duties of his livelihood at the time he received the loan, or (2) the credit union, as defendant's agent, waived the eligibility requirements. We find it unnecessary to decide these issues, believing that the disposition of the case is governed by a determination of whether defendant complied with the Credit Insurance Act.

The recorded facts disclose that plaintiff was a member of the Muskegon Credit Union, which purchased death and disability insurance protection for its members from defendant. The election of coverage under defendant's master policy entitles the credit union to purchase insurance protection from defendant which pays the outstanding loan balances of its eligible member borrowers

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

who subsequently die or become totally and permanently disabled. Although plaintiff obtained several loans from the Muskegon Credit Union, only the loan in the amount of $3,710.74, borrowed on April 17 or 18, 1969, is in question.

Plaintiff had a history of back trouble and reinjured his back on April 12, 1969, while employed at Continental Motors. Consistent with his medical history, plaintiff believed his disability was temporary. On April 17, 1969, plaintiff applied for the challenged loan from the Muskegon Credit Union. This loan, representing new money and refinancing of existing loans, was accepted by the Muskegon Credit Union and included in the credit union's loan balances subject to insurance protection. While conceding that plaintiff is totally and permanently disabled, defendant denied liability upon the basis that these facts disclose plaintiff's ineligibility for coverage at the time the loan was obtained.

Defendant argues that the cause of action is equitable in nature and invites review upon that basis. We agree. The provisions of defendant's master policy establish liability for insurable loan balances defined as the total loan balances owing to a participating credit union for each member excluding "all loan balances of Members who do not meet the physical requirements as hereinafter defined". The provision establishing the requisite physical requirements provides that coverage under the policy may be issued "upon condition that the Member is physically able to perform, or within a reasonable time to resume, the usual duties of his livelihood".

The equity conscience of this Court, having been aroused, finds that it is beyond question that the borrower subjected to eligibility requirements be

given notice thereof. The fact that the present insurance scheme, with premiums being paid by the credit union, places each member borrower in the status of a third-party beneficiary and that each borrower under the group policy has no individual identity cannot change this basic tenet of fairness. This need for notice is dramatized by the type of credit insurance at issue. Defendant is engaged in post-claim underwriting as a legitimate vehicle to diminish the cost of insurance. This method of underwriting is predicated upon a determination of coverage at the time a claim is filed which retroactively applies the physical requirements to evaluate the member's eligibility at the time the loan was procured. The injustice of informing a disabled borrower at the time the claim is filed that he has no insurance protection is obvious and the need for notice is beyond peradventure.

Notice of the terms of the policy and its exclusionary provisions is guaranteed by the Credit Insurance Act. MCLA 550.601 *et seq.;* MSA 24.568(1) *et seq.* Section 8 of the act provides:

"All credit life insurance and credit accident and health insurance sold shall be evidenced by an individual policy, or in the case of group insurance by a certificate of insurance, which individual policy or group certificate of insurance shall be delivered to the debtor." MCLA 550.608; MSA 24.568(8).

This delivery requirement is augmented by § 9 which requires the policy or certificate to include a description of the insurance coverage and exceptions, limitations, or restrictions. Section 10 further requires that the policy or certificate be delivered to the insured debtor at the time the indebtedness is incurred unless an application for insurance or notice of proposed insurance is utilized in

compliance with § 11 as an alternative method of regulating the issuance of insurance. The interrelationship of these provisions guarantees that debtors will be given notice of the insurance provisions with which they are bound.

In the present case involving a group policy, the requisite certificate is absent from the lower court file and the record is devoid of evidence verifying this receipt by plaintiff. Defendant's failure to comply with the statutory mandate denied plaintiff notice of the eligibility provision it seeks to enforce. Testimony adduced at trial substantiates plaintiff's lack of knowledge of this provision for the exclusion of coverage. Similarly, plaintiff's reliance upon the existence of insurance protection at the time this burdensome debt was incurred is well documented by the record. Notice of the policy terms and exclusionary provisions are indispensable to an intelligent decision by a borrower to incur indebtedness, determine the amount of indebtedness, and choose the lending institution desired.

An application of general equity principles to the instant case leads us to the conclusion that defendant should be estopped from denying liability for its failure to provide plaintiff with notice of the policy and exclusionary provisions. Estoppel may arise when one's silence, when he ought to speak, results in reliance and prejudice to another. *Fleckenstein v Citizens Mutual Automobile Insurance Co,* 326 Mich 591; 40 NW2d 733 (1950). *Cf. Michigan Shingle Co v State Investment & Insurance Co of San Francisco,* 94 Mich 389, 398; 53 NW 945, 948 (1892). "The doctrine of estoppel rests upon the inequity of permitting one to allege the existence of facts which by his own conduct he has induced another to believe did not exist". *Shean v*

*United States Fidelity & Guaranty Co,* 263 Mich 535, 541; 248 NW 892, 894 (1933). While we are well aware of the relationship between the credit union and defendant, we conclude that the ultimate responsibility for compliance with the credit insurance act falls upon defendant. Such notice is the only safeguard against the potential abuses of post-claim underwriting. Defendant's failure to satisfy the statutorily imposed notice requirement necessitates the enforcement of the credit insurance policy at issue. Upon this basis the lower court judgment may be affirmed.

Affirmed. No costs, plaintiff not having participated in this appeal.

All concurred.