NORGAN v AMERICAN WAY LIFE INSURANCE COMPANY

Docket No. 119155. Submitted January 23, 1991, at Lansing. Decided April 1, 1991, at 9:10 A.M. Leave to appeal sought.

Shirley L. Norgan brought an action in the Bay Circuit Court against American Way Life Insurance Company, alleging breach of a contract of joint credit life insurance. The defendant had rejected the plaintiff's claim of benefits upon the death of her husband on the basis of ineligibility. The court, Eugene C. Penzien, J., granted summary disposition for the plaintiff, ruling that the defendant had failed to state a valid defense because the eligibility requirement was unclear and ambiguous and therefore unenforceable. The court also awarded twelve percent interest pursuant to the Uniform Trade Practices Act, determining that the defendant had acted in bad faith in rejecting the plaintiff's claim. The defendant appealed.

The Court of Appeals *held:*

The trial court did not err in ruling that the eligibility provision was unenforceable or in awarding interest for the defendant's bad faith.

1. Limitations on coverage are an insurer's responsibility and the insurer bears the burden of any confusion which arises as a result of its failure to clearly state such limitations. In this case, the phrase "able to perform the normal duties of a person that is [the insured's] same age and sex" has no commonly understood meaning. An insured cannot read this provision and know what condition must be met.

2. Under the Uniform Trade Practices Act, MCL 500.2006; MSA 24.12006, an insurer may refuse to pay a claim and be relieved of paying interest on the claim only where the claim is reasonably in dispute. The claim in this case was not reasonably in dispute. An insurer that inserts an invalid clause in its contract of insurance on the basis of its own mistaken interpretation of case law requiring clear and unambiguous language in insurance contracts rejects a claim at its own risk.

Affirmed.

*Patterson, Gruber, Kennedy, Gill & Milster* (by *Robert W. Gruber*), for the plaintiff.

*Paul A. Rosenbaum,* for the defendant.

Before: BRENNAN, P.J., and GRIBBS and FITZGER-
ALD, JJ.

BRENNAN, P.J. Defendant appeals as of right
from a July 10, 1989, judgment entered against it
in the amount of $15,183.30, plus interest at the
rate of twelve percent per year in this action for
breach of an insurance contract. We affirm.

On January 29, 1988, plaintiff and her late
husband purchased the joint credit life insurance
policy in issue in connection with the purchase of
their new car. Defendants issued plaintiffs decreas-
ing term life insurance coverage under a group
policy in the amount of the financed portion of
their automobile purchase. The policy was to pay
the outstanding balance on the loan in the event
of the death of either insured. The automobile
dealership handled the insurance transaction at
the time the automobile was purchased. The certif-
icate of insurance issued to the insureds and the
application for insurance were included in a single
document. There were no questions asked regard-
ing the health of the insureds.

The decedent entered the hospital on March 18,
1988, with a productive cough and died of lung
cancer on April 9, 1988. Plaintiff filed a claim on
the policy on April 28, 1988, and defendant denied
the claim by letter dated August 22, 1988, stating
that the decedent did not meet the eligibility
requirements of the policy because he retired for
medical reasons. Apparently, defendant's investi-
gation revealed that the decedent retired from his
employment in 1975 as a result of a stroke and
had been entitled to social security and disability
benefits since September 1979. Further, the dece-
dent allegedly had been diagnosed as having lung

cancer in March 1987, for which he had undergone radiation therapy.

Plaintiff commenced the instant action after defendant denied her claim for benefits under the policy. Defendant again maintained that the decedent did not meet eligibility requirements at the time the certificate of insurance was issued. However, this time, it was defendant's position that the decedent was not "able to perform the normal duties of a person that [was his] same age and sex" as provided by the eligibility requirements in the policy. The trial court granted plaintiff's motion for summary disposition on the basis that the eligibility clause relied on by defendant was too ambiguous to be enforced.[1] Although the trial court did not specify under which subsection of MCR 2.116(C) it was granting the motion, the court's remarks suggest that the motion was granted pursuant to MCR 2.116(C)(9), failure to state a valid defense to the claim.

A motion for summary disposition pursuant to MCR 2.116(C)(9) for failure to state a valid defense tests the legal sufficiency of the pleaded defense. *Hazel Park v Potter,* 169 Mich App 714, 718; 426 NW2d 789 (1988). Such a motion is tested by the pleadings alone, accepting all well-pled allegations as true. *Id.* The proper test for the motion is whether the defendant's defenses are "so clearly untenable as a matter of law that no factual development could possibly deny plaintiff's right to recovery." *Id.*

A borrower subjected to eligibility requirements in a group credit insurance policy must be given notice of those requirements. *Gardner v League Life Ins Co,* 48 Mich App 574, 576-577; 210 NW2d 897 (1973). The notice must be included in the

---

[1] We note that no evidence was offered regarding the decedent's condition as of January 29, 1988.

certificate of insurance which the Credit Insurance Act, MCL 550.608; MSA 24.568(8), requires to be delivered to the debtor. *Id.,* p 577. Such notice is the only safeguard against the potential abuses of postclaim underwriting. *Id.,* p 579. Defendant argues that it gave such notice to the insureds in the certificate of insurance delivered to them at the time they purchased their automobile. The certificate in the present case consisted of a two-page document. On the first page, immediately below the schedule of benefits and the premium and above the signature of the debtors, is the following language:

IMPORTANT NOTICE TO DEBTOR

This certificate contains several major restrictions on eligibility for life and Permanent Total Disability benefits:
(1) Maximum benefits allowed;
(2) Age limits; and
(3) Work requirements.
Please refer to appropriate sections of this certificate for complete details.

Also on the cover page, below the debtors' signatures, is the following paragraph:

ELIGIBILITY FOR INSURANCE

To be eligible for life insurance, you must be actively employed for at least 30 hours per week for two consecutive weeks immediately preceding the effective date of this certificate. You are not eligible for issue or continuation of life insurance beyond age 70. To be eligible for Permanent Total Disability insurance, you must be actively employed for at least 30 hours per week for 60 consecutive days immediately preceding the effective date of this certificate. You are not eligible for

issue or continuation of Permanent Total Disability insurance beyond age 65. *You are eligible for life insurance if you are not actively at work and are able to perform the normal duties of a person that is your same age and sex.* [Emphasis added.]

The second page of the certificate includes a definition of permanent total disability, but does not define any other terms used in this eligibility clause. Defendant, of course, relies on the last sentence in the eligibility provision and argues that there was a question of fact regarding whether the decedent was "able to perform the normal duties of a person that [was his] same age and sex." Plaintiff argues, as the trial court ruled, that the clause is so ambiguous that it is unenforceable as a matter of law.

In determining whether an insurance policy applies in a given case, this Court first must determine whether the policy is clear and unambiguous on its face. *Allstate Ins Co v Freeman,* 432 Mich 656, 665; 443 NW2d 734 (1989), modified on other grounds 433 Mich 1202 (1989). Insurers may limit the risks they choose to assume and fix premiums accordingly. *Auto Club Ins Ass'n v DeLaGarza,* 433 Mich 208, 214; 444 NW2d 803 (1989); *Ramon v Farm Bureau Ins Co,* 184 Mich App 54, 65; 457 NW2d 90 (1990). However, it is the insurance company's responsibility to clearly express the limitations on coverage. *DeLaGarza,* p 214. The insurer bears the burden of any confusion which arises as a result of its failure to state clearly the limitations of the coverage purchased. *Id.,* p 215.

In support of its claim, defendant relies on *Osborn v League Life Ins Co,* 20 Mich App 19; 173 NW2d 724 (1969), which involved a nearly identical eligibility clause which precluded eligibility if

the applicant was "not regularly employed" and was prohibited "from engaging in the normal and customary activities of a person of his age and sex." In *Osborn,* p 21, a panel of this Court found that the evidence regarding the plaintiff's "employment status and the conflicting evidence regarding his activities after he underwent surgery made a question for the jury whether he had a regular occupation or was regularly employed within the meaning of the policy and, if not, whether he was able to engage in the normal and customary activities of a person of his age and sex." However, in *Osborn,* this Court reviewed a judgment on a jury verdict. There is no suggestion in the opinion that construction of the eligibility clause was in issue or raised by any party. The Court did note, however, that the precondition to the policy's effectiveness did not require that the insured be in good health.

In other cases involving preconditions to insurance policies issued without medical examination, the courts have looked to the specific language used and determined whether the terms had a commonly understood meaning. See *Smillie v Travelers Ins Co,* 102 Mich App 780, 783-785; 302 NW2d 258 (1980), wherein the Court interpreted an "actively at work" requirement to have a common meaning which could be determined in a given case by reference to the job that the individual held, duties of other similarly situated employees, and the customary place and conditions of employment. Similarly, a life insurance policy requiring an insured to be in "sound health" or "good health" on the effective date of coverage was found to be a valid condition precedent to coverage. See *Simonson v Michigan Life Ins Co,* 37 Mich App 79, 86; 194 NW2d 446 (1971), wherein the Court noted that the phrase "good health" was

interpreted to mean that an "insured is free from disease that would seriously affect the general soundness of the system, and that he has not been attended by a physician for a serious ailment."

In the present case, however, we agree with the trial court that the requirement that an applicant be "able to perform the normal duties of a person that is [the] same age and sex" is not capable of a common meaning. As the trial judge noted, an insured could not read this certificate and know what condition he is required to meet. Defendant could have easily inserted clearer language in the certificate, but failed to do so. By failing to clearly express the limitations on coverage, it must bear the burden of confusion which arises as a result of that failure. *DeLaGarza, supra,* p 215. Therefore, we find that the trial court properly granted summary disposition for plaintiff pursuant to MCR 2.116(C)(9).

Defendant also argues that the trial court erred in awarding plaintiff interest under the Uniform Trade Practices Act, MCL 500.2006; MSA 24.12006, where there was no evidence that defendant acted in bad faith. Under that act, an insurer may refuse to pay a claim and be relieved of paying interest on the claim only when the claim is "reasonably in dispute." *Siller v Employers Ins of Wausau,* 123 Mich App 140, 143-144; 333 NW2d 197 (1983). In *Siller,* a panel of this Court held that a claim is not reasonably in dispute within the meaning of § 2006 where the insurer declines to pay a claim on the basis of a contract clause which a court determines to be invalid. Contrary to the present case, in *Siller,* the clause on which the insurer relied was invalid on its face because it failed to include language expressly required of such clauses by the Insurance Code. Nevertheless, this Court noted in *Siller* that an insurer which

inserts an invalid clause in its contract of insurance, on the basis of its own mistaken interpretation of the law, rejects a claim at its own risk. *Id.,* p 144. This analysis should apply equally to an insurer's interpretation of case law requiring clear and unambiguous language in insurance contracts as it does to statutory provisions.

Moreover, as noted by the trial court, defendant would have made a better argument if it had taken a consistent position in initially refusing the claim and in opposing plaintiff's motion for summary disposition. In defendant's letter denying plaintiff's claim for benefits, the stated reason for denying the claim was that the decedent retired for medical reasons contrary to the eligibility requirements of the policy. However, this language is not in the certificate. The language of the letter suggests that this might be a provision of the master group policy. However, defendant has never based a defense in this case on the policy rather than the certificate and probably could not do so under *Gardner, supra.*

Accordingly, we find, as the trial court found, that plaintiff's claim was not reasonably in dispute and the trial court did not err in awarding interest under § 2006 of the Uniform Trade Practices Act.

Affirmed.