GRISWOLD PROPERTIES, LLC v
LEXINGTON INSURANCE COMPANY
GAINORS MEAT PACKING, INC v
HOME-OWNERS INSURANCE COMPANY
GARDNER v HARLEYSVILLE LAKE STATES
INSURANCE COMPANY

Docket Nos. 263197, 265278, 268335. Submitted August 1, 2007, at
Lansing. Decided September 6, 2007, at 9:05 a.m. Leave to appeal
sought.

Griswold Properties, L.L.C., brought an action in the Wayne Circuit
Court against Lexington Insurance Company, its insurer, seeking
full payment of claims relating to damage caused by water-main
ruptures in an office tower it owned. Griswold also sought 12
percent penalty interest on any recovery under § 2006(4) of the
Uniform Trade Practices Act, MCL 500.2006(4), which provides
for the imposition of such interest from a date 60 days after
satisfactory proof of loss was received by an insured's own insurer
and until the claim is paid in full. After an appraisal panel awarded
nearly the entire amount Griswold claimed, the court, Michael J.
Callahan, J., granted Griswold's motion for summary disposition
on the issue of penalty interest, ruling that language in § 2006(4)
requiring that the insurer's liability not be reasonably in dispute
does not apply to a first-party claimant under an insurance policy.
Lexington appealed.

Gainors Meat Packing, Inc., brought an action in the Huron
Circuit Court against Home-Owners Insurance Company, its in-
surer, seeking full payment of the policy limits for fire damage to
its plant and other losses. Gainors also sought § 2006(4) penalty
interest and prejudgment interest pursuant to MCL 600.6013.
After Gainors received a postappraisal award, the court, M.
Richard Knoblock, J., denied Gainors's motion for partial sum-
mary disposition on the issue of penalty interest, ruling that when
parties submit to appraisal because they cannot agree on proof of
loss, § 2006(4) penalty interest is not available. The court denied
Gainors's motion for an award of prejudgment interest under MCL
600.6013. Gainors appealed.

Samuel C. and Cynthia A. Gardner brought an action in the
Wayne Circuit Court against Harleysville Lake States Insurance

Company, their insurer, seeking payment of a claim for losses caused by the rupture of frozen water pipes in an office building they owned. The parties stipulated to a partial payment and the resolution of the rest of the claim through an appraisal process. The appraiser awarded, and Harleysville paid, a sum to the Gardners. The court, Isidore B. Torres, J., denied the Gardners' summary disposition motion for § 2006(4) penalty interest, ruling that the proof of loss submitted by the Gardners to Harleysville was not satisfactory because it did not comply with Harleysville's written specifications for what constitutes a satisfactory proof of loss. The court, however, granted the Gardners' summary disposition motion for prejudgment interest pursuant to MCL 600.6013. The Gardners appealed, and Harleysville cross-appealed.

The Court of Appeals consolidated the cases and held that MCR 7.215(J)(1) constrained it to follow *Arco Industries Corp v American Motorist Ins Co*, 233 Mich App 143 (1998), and hold that a claim must not be reasonably in dispute before an insurer can be liable to its insured for § 2006(4) penalty interest. Were the panel not so constrained, it would have held that a first-party insured is entitled to penalty interest regardless of whether its claim is reasonably in dispute and that the "reasonably in dispute" provision applies only to third-party tort claimants. Accordingly, the Court of Appeals affirmed *Griswold*, reversed and remanded *Gardner* for further proceedings, and, in *Gainors*, affirmed the denial of prejudgment interest, reversed the denial of § 2006(4) penalty interest, and remanded the case for further proceedings. 275 Mich App 543 (2007). The Court of Appeals then convened a special panel to resolve the conflict between these cases and Arco, and vacated part I of its previous opinion. 275 Mich App 801 (2007).

After consideration by the special panel, the Court of Appeals *held*:

1. The *Arco* Court erred in concluding that the discussion of MCL 500.2006(4) in *Yaldo v North Pointe Ins Co*, 457 Mich 341 (1998), was nonbinding dictum. Although the *Yaldo* Court's discussion of the applicability of the reasonable-dispute provision was not necessarily decisive of the controversy in that case, it was germane to the issue.

2. The "reasonably in dispute" language of MCL 500.2006(4) applies only to third-party tort claimants. The first sentence of that provision, which concerns first-party insureds, does not contain the "reasonably in dispute" language that is found in the second sentence, which applies to third-party tort claimants. The Legislature's omission of a provision from one part of a statute

that is included in another part of the statute should be construed as intentional; therefore, the phrase "reasonably in dispute" should not be read into the first sentence of MCL 500.2006(4).

*Griswold*, affirmed in part.

*Gainors*, denial of plaintiff's motion for judgment interest reversed and order remanding for further proceedings vacated.

*Gardner*, previous panel's determinations left unchanged.

1. COURTS — STARE DECISIS — OBITER DICTA — GERMANENESS.

An issue that a court has intentionally addressed and decided is not dictum if the issue is germane to the controversy in the case.

2. INSURANCE — UNIFORM TRADE PRACTICES ACT — INTEREST.

A first-party insured is entitled to 12 percent penalty interest if a claim is not timely paid, irrespective of whether the claim is reasonably in dispute (MCL 500.2006[4]).

*Donald M. Fulkerson* and *Fabian, Sklar & King, P.C.* (by *Michael H. Fabian* and *Stuart A. Sklar*), for Griswold Properties, L.L.C., Gainors Meat Packing, Inc., and Samuel C. and Cynthia A. Gardner.

*Grotefeld & Denenberg, L.L.C.* (by *Todd B. Denenberg, Jeffrey R. Learned,* and *Gary R. Chopp*), for Lexington Insurance Company.

*Secrest Wardle* (by *Janet Callahan Barnes*) for Home-Owners Insurance Company.

*Braun Kendrick Finkbeiner P.L.C.* (by *William J. Ewald* and *Frederick C. Overdier*) for Harleysville Lake States Insurance Company.

Before: DONOFRIO, P.J., and FITZGERALD, BANDSTRA, ZAHRA, METER, BORRELLO, and DAVIS, JJ.

DONOFRIO, P.J. Pursuant to MCR 7.215(J), this Court convened a special panel to resolve the conflict between the opinion in the three consolidated cases in *Griswold Properties, LLC v Lexington Ins Co*, 275 Mich App 543;

740 NW2d 659 (2007), and *Arco Industries Corp v American Motorists Ins Co (On Second Remand, On Rehearing)*, 233 Mich App 143; 594 NW2d 74 (1998). After convening the special panel, we adopt the position advocated by the *Griswold* Court regarding the payment of penalty interest to first-party insureds under MCL 500.2006(4). Thus, part I of the *Griswold* opinion, vacated by an earlier order of this Court, that addresses whether a first-party insured is entitled to 12 percent interest under MCL 500.2006(4) when the insurer fails to pay a claim on a timely basis irrespective of whether the amount of the claim was reasonably in dispute, is replaced with the following opinion concluding that a first-party insured is entitled to 12 percent penalty interest if a claim is not timely paid, irrespective of whether the claim is reasonably in dispute. MCL 500.2006(4). This matter is being decided without oral argument pursuant to MCR 7.215(J)(5).

I

The conflict created by the cases at issue concerns whether a first-party insured is entitled to penalty interest under MCL 500.2006(4) when the insurer fails to pay the claim within the applicable statutory period, regardless of whether the amount of the claim was reasonably in dispute.

## A. APPLICABLE LAW: MCL 500.2006, *YALDO*, AND *ARCO*

Pursuant to the Uniform Trade Practices Act (UTPA), MCL 500.2001 *et seq.*, when an insurer fails to pay a claim on a timely basis, a claimant may seek penalty interest. MCL 500.2006 provides for imposition of penalty interest for the late payment of a claim and states in pertinent part:

(1) A person must pay on a timely basis to its insured, an individual or entity directly entitled to benefits under its insured's contract of insurance, or a third party tort claimant the benefits provided under the terms of its policy, or, in the alternative, the person must pay to its insured, an individual or entity directly entitled to benefits under its insured's contract of insurance, or a third party tort claimant 12% interest, as provided in subsection (4), on claims not paid on a timely basis. Failure to pay claims on a timely basis or to pay interest on claims as provided in subsection (4) is an unfair trade practice unless the claim is reasonably in dispute.

(2) A person shall not be found to have committed an unfair trade practice under this section if the person is found liable for a claim pursuant to a judgment rendered by a court of law, and the person pays to its insured, individual or entity directly entitled to benefits under its insured's contract of insurance, or third party tort claimant interest as provided in subsection (4).

(3) An insurer shall specify in writing the materials that constitute a satisfactory proof of loss not later than 30 days after receipt of a claim unless the claim is settled within the 30 days. If proof of loss is not supplied as to the entire claim, the amount supported by proof of loss shall be considered paid on a timely basis if paid within 60 days after receipt of proof of loss by the insurer. Any part of the remainder of the claim that is later supported by proof of loss shall be considered paid on a timely basis if paid within 60 days after receipt of the proof of loss by the insurer. If the proof of loss provided by the claimant contains facts that clearly indicate the need for additional medical information by the insurer in order to determine its liability under a policy of life insurance, the claim shall be considered paid on a timely basis if paid within 60 days after receipt of necessary medical information by the insurer. . . .

(4) If benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the

insured's contract of insurance. If the claimant is a third party tort claimant, then the benefits paid shall bear interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum if the liability of the insurer for the claim is not reasonably in dispute, the insurer has refused payment in bad faith and the bad faith was determined by a court of law. The interest shall be paid in addition to and at the time of payment of the loss. If the loss exceeds the limits of insurance coverage available, interest shall be payable based upon the limits of insurance coverage rather than the amount of the loss. If payment is offered by the insurer but is rejected by the claimant, and the claimant does not subsequently recover an amount in excess of the amount offered, interest is not due. Interest paid pursuant to this section shall be offset by any award of interest that is payable by the insurer pursuant to the award. [MCL 500.2006.]

In *Yaldo v North Pointe Ins Co*, 457 Mich 341; 578 NW2d 274 (1998), the plaintiff filed suit against the defendant insurer when the defendant refused to pay benefits under a lender's loss payable clause after a land contract vendee defaulted on a land contract and the plaintiff's property was damaged by fire. The trial court found in the plaintiff's favor, and awarded the plaintiff judgment interest under MCL 600.6013(5). This Court affirmed the trial court's decision and our Supreme Court affirmed this Court's decision. *Id.* at 344-347. The *Yaldo* Court noted that this Court held in the alternative that the trial court could have awarded the plaintiff 12 percent interest as a penalty for the defendant's untimely payment under MCL 500.2006(4). *Id.* at 348-349. The *Yaldo* Court rejected the defendant's argument that imposition of interest under MCL 500.2006(4) would have been improper because the plaintiff's claim was reasonably in dispute. The *Yaldo* Court stated specifically:

Defendant's claim that our holding would negate the "reasonably in dispute" language of MCL 500.2006(4); MSA 24.12006(4) is based on a misreading of the statute. Its express terms indicate that the language applies only to third-party tort claimants. Where the action is based solely on contract, the insurance company can be penalized with twelve percent interest, even if the claim is reasonably in dispute. [*Yaldo, supra* at 348 n 4.]

The *Yaldo* Court went on to state:

We find that defendant misreads the Uniform Trade Practices Act. Clearly, plaintiff could have filed a claim under MCL 500.2006(4); MSA 24.12006(4). With respect to collection of twelve percent interest, reasonable dispute is applicable only when the claimant is a third-party tort claimant. Here, plaintiff is not such a claimant. Rather, he is seeking reimbursement for the loss of his business due to a fire. Therefore, plaintiff could have recovered interest at the rate of twelve percent per annum under the Uniform Trade Practices Act. [*Id.* at 349.]

In *Arco*, after prolonged litigation both in this Court and in our Supreme Court, this Court held that the defendant had a duty to defend the plaintiff in a suit filed by the Department of Natural Resources, and then determined that the trial court correctly refused to award the plaintiff penalty interest under MCL 500.2006(4) because the liability of the defendant was reasonably in dispute. The *Arco* Court rejected the argument that, in accordance with *Yaldo*, the plaintiff was entitled to collect 12 percent penalty interest under MCL 500.2006(4), stating:

Upon further review, we conclude that the *Yaldo* majority's interpretation of MCL 500.2006(4); MSA 24.12006(4) was dictum. At issue in *Yaldo* was the interpretation and application of the judgment interest statute, MCL 600.6013; MSA 27A.6013, and not the penalty interest statute. It is a well-settled rule that statements concerning a principle of law not essential to determination of the case are obiter dictum and

lack the force of an adjudication. *Roberts v Auto-Owners Ins Co*, 422 Mich 594, 597-598; 374 NW2d 905 (1985); *Auto-Owners Ins Co v Stenberg Bros, Inc*, 227 Mich App 45, 51-52; 575 NW2d 79 (1997). The portion of the *Yaldo* majority opinion discussing MCL 500.2006(4); MSA 24.12006(4) was not necessary to its decision of the issue before the Court and must therefore be regarded as merely dictum that is not binding on this Court. Compare *Auto Club Ins Ass'n v State Farm Ins Cos*, 221 Mich App 154, 170, n 5; 561 NW2d 445 (1997). Accordingly, *Yaldo* did not establish a rule of law with regard to the interpretation of MCL 500.2006(4); MSA 24.12006(4).

Since 1983, when this Court decided *Siller v Employers Ins of Wausau*, 123 Mich App 140, 143-144; 333 NW2d 197 (1983), it has been clearly established that, in cases involving claims of breach of an insurance contract, under MCL 500.2006; MSA 24.12006 "an insurer may refuse to pay a claim and be relieved of paying interest on the claim only when 'the claim is reasonably in dispute.' " [*Arco, supra* at 147-148.]

When the *Arco* Court rejected the statement in *Yaldo* as dictum, it relied on this Court's decision in *Siller v Employers Ins of Wausau*, 123 Mich App 140; 333 NW2d 197 (1983). In *Siller*, the defendant insurer refused to pay a claim on the ground that the claim was barred by a coordination of benefits clause in the master policy. The trial court granted summary disposition to the plaintiff, and assessed 12 percent penalty interest under MCL 500.2006. This Court affirmed, without assessing the entitlement provision of subsection 4, concluding that defendant's liability was not reasonably in dispute. Therefore, the entitlement assessment was unnecessary to the decision. The *Siller* Court stated that MCL 500.2006(1) provides that the " '[f]ailure to pay [insurance] claims on a timely basis or to pay interest on claims as provided in subsection (4) is an unfair trade practice unless the claim is reasonably in dispute.' " *Id.*

at 143. The "reasonably in dispute" language of MCL 500.2006(1) requires such a finding for the insurer's actions to constitute an unfair trade practice. The obligation-to-pay requirements that result in penalty interest if not met are provided separately for first- and third-party claimants in MCL 500.2006(4), an analysis not considered by the *Siller* Court. The *Siller* Court's holding that penalty interest is payable under MCL 500.2006(4) unless the claim is "reasonably in dispute" is based on the language in MCL 500.2006(1). *Id.* at 143-144. But the *Siller* Court did not acknowledge that the "reasonably in dispute" language is not included in the first sentence of MCL 500.2006(4).

### B. CONSOLIDATED CASES AT ISSUE: *GRISWOLD, GAINORS, AND GARDNER*

In its decision on the consolidated appeals in *Griswold, Gainors,* and *Gardner,* this Court concluded that it was compelled to adhere to *Arco* and to hold that, under MCL 500.2006(4), a first-party insured is entitled to 12 percent interest on claims not paid on a timely basis only if the claim is not reasonably in dispute. In brief, the facts of the three consolidated cases are as follows.[1]

In *Griswold,* plaintiff undertook to renovate a building, and signed leases with both current and future tenants. The project was hampered on two occasions when a water main broke and flooded the basement and sub-basement and damaged the electrical system. Plaintiff filed a claim for benefits from defendant, its insurer, but defendant rejected plaintiff's documentation relating to the loss, and the parties became involved in protracted litigation. Plaintiff alleged breach

---

[1] A full recitation of the facts and procedural history of the three cases involved can be found in the previous *Griswold* opinion. *Griswold, supra* at 551-555, 560-563, and 570-573.

of contract, and sought penalty interest under MCL 500.2006 from 60 days following its December 11, 2002, submission of proof of loss until February 23, 2005, the date defendant paid its claims in full. The trial court found that with the exception of $136,000 related to the first incident, plaintiff's claim was not reasonably in dispute. The trial court awarded plaintiff penalty interest totaling $309,276 pursuant to MCL 500.2006(4) on its claim.

In *Gainors*, the building that housed plaintiff's business was destroyed by fire. Defendant, plaintiff's insurer, paid plaintiff's claim in part, but refused to pay the claim in full, asserting that plaintiff had exaggerated the loss. The parties submitted the dispute to appraisal, and defendant paid the ensuing award. Plaintiff moved for partial summary disposition, seeking penalty interest pursuant to MCL 500.2006(4). The trial court denied the motion, ruling that when parties submit a claim to arbitration, the penalty interest provision is not triggered because the amount of loss is reasonably in dispute.[2]

In *Gardner*, plaintiffs' commercial office building sustained water damage. Defendant rejected plaintiffs' proof of loss as unsatisfactory, and denied their claim. Plaintiffs filed suit, seeking an order compelling appraisal; however, the parties stipulated that defendant would make a partial payment, and that the balance of the claim would be submitted to appraisal. Defendant paid the ensuing award. Plaintiffs moved for summary disposition, seeking the imposition of penalty interest under MCL 500.2006(4). Plaintiffs asserted that defendant violated MCL 500.2833(1)(p) and MCL

---

[2] The trial court relied on *OJ Enterprises, Inc v Ins Co of North America*, 96 Mich App 271; 292 NW2d 207 (1980), for the proposition that satisfactory proof of loss exists only when a claim is not disputed.

500.2836(2)[3] by failing to pay the claim within 30 days after receiving the proof of loss. The trial court denied plaintiffs' motion for summary disposition, finding that the proof of loss was not satisfactory.

The common question in *Griswold, Gainors*, and *Gardner* is whether the plaintiffs in these consolidated cases are entitled to penalty interest pursuant to MCL 500.2006(4). This Court stated that were it not bound to follow *Arco*, it would hold

> that the plain language of MCL 500.2006(4) entitles a first-party insured to 12 percent interest on claims not timely paid after satisfactory proof of loss was received by the insurer, even if the claim is reasonably in dispute. The express terms of MCL 500.2006(4) indicate that the "reasonably in dispute" provision applies only to third-party tort claimants. [*Griswold, supra* at 546.]

This Court agreed with the conclusion in *Yaldo* that the plain language of MCL 500.2006(4) leads to the conclusion "that a first-party insured is entitled to 12 percent interest regardless of whether the claim is reasonably in dispute," *Griswold, supra* at 549. This Court reasoned:

> Had the Legislature intended to require a first-party insured to establish that its claim was not reasonably in dispute, as defendants insist, it would have included that language in the first sentence of MCL 500.2006(4). The Legislature imposed that requirement only on third-party tort claimants in the second sentence of subsection 4. This Court must assume that the omission of the requirement in the first sentence was intentional. *Farrington v Total*

---

[3] MCL 500.2833(1)(p) states that each fire insurance policy issued or delivered in Michigan must provide that except as provided in MCL 500.2845, a "loss is payable within 30 days after receipt of proof of amount of loss." MCL 500.2836(2) provides that except as stated in MCL 500.2845, "losses under any fire insurance policy shall be paid within 30 days after receipt of proof of the amount of the loss, notwithstanding the provisions of any contract or statute to the contrary."

*Petroleum, Inc*, 442 Mich 201, 209-210; 501 NW2d 76 (1993) (finding that if the Legislature had intended the standard of review under subsections 2 and 3 of MCL 418.861a be dependent on when the claim was initially filed, it would have expressly stated so as it did in other sections of the Worker's Disability Compensation Act. [*Id.*]

While acknowledging that our Supreme Court affirmed *Arco* "in a brief order with no analysis," *Griswold, supra* at 550, the *Griswold* Court further stated:

> We follow *Arco* because we are bound to do so, but if not constrained by *Arco*, we would follow the reasoning in *Yaldo* and find that the "reasonably in dispute" language of MCL 500.2006(4) applies only to third-party tort claimants; if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance, and benefits are not paid on a timely basis, the claimant is entitled to 12 percent interest, irrespective of whether the claim is reasonably in dispute. [*Id.* at 551.]

Plainly, the *Griswold* Court thought that it was constrained by the decision in *Arco* to hold that a first-party insured is not entitled to payment of penalty interest if the claim is reasonably in dispute. The *Griswold* Court stated that were it not bound by the decision in *Arco*, it would follow *Yaldo* and hold that under the plain language of MCL 500.2006(4), the "reasonably in dispute" language applies only to third-party tort claimants, and that a first-party insured is entitled to penalty interest if a claim is not paid on a timely basis, regardless of whether the claim is reasonably in dispute. Ultimately, though, the *Griswold* Court followed *Arco* because it was required to do so. MCR 7.215(J).

### C. STARE DECISIS

We respectfully hold that the *Arco* Court erred in

concluding that the *Yaldo* Court's discussion of MCL 500.2006(4) was dictum, and therefore not binding.

The rule of stare decisis requires courts to reach the same result as in one case when the same or substantially similar issues are presented in another case with different parties. *W A Foote Mem Hosp v City of Jackson*, 262 Mich App 333, 341; 686 NW2d 9 (2004). Stare decisis does not arise from a point addressed in obiter dictum. *Cheron, Inc v Don Jones, Inc*, 244 Mich App 212, 216; 625 NW2d 93 (2000). However, an issue that is intentionally addressed and decided is not dictum if the issue is germane to the controversy in the case, even if the issue was not necessarily decisive of the controversy in the case. *Carr v City of Lansing*, 259 Mich App 376, 384; 674 NW2d 168 (2003). This Court is bound by stare decisis to follow the decisions of our Supreme Court. *Boyd v W G Wade Shows*, 443 Mich 515, 523; 505 NW2d 544 (1993).

The *Arco* Court recognized that the controversy in *Yaldo* concerned the interpretation and application of MCL 600.6013. The *Yaldo* Court affirmed the award of judgment interest under MCL 600.6013(5). *Yaldo, supra* at 344-347. But the *Yaldo* Court went on to reject the defendant's assertion that its interpretation of MCL 600.6013(5) nullified MCL 500.2006(4), and concluded that because the reasonable-dispute provision in MCL 500.2006(4) applied only to third-party tort claimants, the plaintiff would have been entitled to penalty interest under MCL 500.2006(4). *Id.* at 348-349.[4] The *Yaldo* Court was not required to reach the conclusion that the plaintiff would have been entitled to collect penalty

---

[4] The *Yaldo* Court did not hold that the plaintiff would have been entitled to collect both judgment interest under MCL 600.6013(5) and penalty interest under MCL 500.2006(4). Offsetting interest applies. MCL 500.2006(4).

interest under MCL 500.2006(4) in order to resolve the issue before it. Yet the *Yaldo* Court intentionally addressed the issue as raised by the defendant. Thus, even though the *Yaldo* Court's discussion of the applicability of the reasonable-dispute provision in MCL 500.2006(4) was not necessarily decisive of the controversy, it was certainly germane to the controversy. *Carr, supra* at 384. On that basis, we hold that the statement in *Yaldo* was not dictum, that the *Arco* Court erred by declining to adhere to *Yaldo*, see *Boyd, supra* at 523, and that the *Griswold* Court correctly concluded that *Yaldo* controls on the issue of the applicability of the reasonable-dispute provision in MCL 500.2006(4). MCR 7.215(J)(1).

### D. STATUTORY CONSTRUCTION

The plain language of the statute at issue, MCL 500.2006(4), when read according to the accepted principles of statutory construction also supports the conclusion that the *Arco* Court erred by declining to adhere to *Yaldo*.

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). The first criterion in determining legislative intent is the specific language of the statute. *Halloran v Bhan*, 470 Mich 572, 577; 683 NW2d 129 (2004). The Legislature is presumed to have intended the meaning it plainly expressed. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). A court cannot read into a clear statute that which is not within the manifest intention of the Legislature as derived from the language of the statute itself. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). A court may not speculate about

the probable intent of the Legislature beyond the language expressed in the statute. *Twentieth Century Fox Home Entertainment, Inc v Dep't of Treasury*, 270 Mich App 539, 545; 716 NW2d 598 (2006).

In construing a statute, a court should presume that every word in the statute has some meaning, and should avoid any construction that would render any part of a statute surplusage or nugatory. *Hoste v Shanty Creek Mgt, Inc*, 459 Mich 561, 574; 592 NW2d 360 (1999). As far as is possible, meaning and effect should be given to every word in the statute. *Pohutski, supra* at 684. The omission of a provision in one part of a statute that is included in another part of the statute should be construed as intentional, and a provision not included in one part of a statute should not be included by a court. *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 103; 693 NW2d 170 (2005).

The first two sentences of MCL 500.2006(4) provide:

> If benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance. If the claimant is a third party tort claimant, then the benefits paid shall bear interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum if the liability of the insurer for the claim is not reasonably in dispute, the insurer has refused payment in bad faith and the bad faith was determined by a court of law.

The first sentence concerns first-party insureds, and provides that a first-party insured is entitled to interest if benefits are not paid within 60 days after satisfactory proof of loss is provided. This sentence does not specify that a first-party insured is entitled to interest only if the liability of the insurer is not "reasonably in dis-

pute." The "reasonably in dispute" language is found only in the second sentence, which expressly applies to third-party tort claimants. As the *Griswold* Court stated, "[t]his Court must assume that the omission of the requirement [that the liability of the insurer be 'reasonably in dispute'] in the first sentence was intentional." *Griswold, supra* at 549. The first sentence of MCL 500.2006(4) speaks specifically to claims filed by first-party insureds, and the Legislature's omission of the "reasonably in dispute" language from that sentence must be construed as intentional. *Pellegrom, supra* at 103. Therefore, we decline to read the "reasonably in dispute" language into the first sentence of MCL 500.2006(4). Further, we will not speculate that the Legislature probably intended that the language apply to first-party insureds, notwithstanding its absence from the first sentence. *Twentieth Century Fox, supra* at 545.

### E. CONCLUSION

Because of our analysis of the penalty interest provision in the UTPA, we adopt the conclusion of the *Griswold* Court as our own. Thus, we "follow the reasoning in *Yaldo* and find that the 'reasonably in dispute' language of MCL 500.2006(4) applies only to third-party tort claimants; if the claimant is the insured or an individual or entity directly entitled to benefits under the insured's contract of insurance, and benefits are not paid on a timely basis, the claimant is entitled to 12 percent interest, irrespective of whether the claim is reasonably in dispute." *Griswold, supra* at 551.

Accordingly, we:

(1) affirm that portion of the trial court's order in *Griswold* requiring payment of penalty interest to first-party insureds regardless of whether a claim is reasonably in dispute;

(2) reverse the denial of plaintiff's motion for judgment interest in *Gainors* and vacate this Court's previous order remanding the cause for further proceedings to determine what portion of plaintiff's claims was reasonably in dispute; and

(3) do not disturb the previous panel's determinations in *Gardner* reversing the trial court's order of prejudgment interest and reversing the denial of plaintiff's motion for summary disposition. We must note that a question of fact exists for determination on the issue of satisfactory proof of loss as a triggering event requiring the payment of penalty interest pursuant to MCL 500.2006(3) and (4).

We do not retain jurisdiction.