CITY OF PONTIAC v PONTIAC POLICE SUPERVISORS
ASSOCIATION

Docket No. 109424. Submitted May 8, 1989, at Lansing. Decided
August 10, 1989. Leave to appeal applied for.

The City of Pontiac filed a complaint in the Oakland Circuit
Court against the Pontiac Police Supervisors Association to
obtain relief from an arbitration award granting a police
sergeant an exemption from the residency requirement in the
collective bargaining agreement. While the collective bargain-
ing agreement contained no exception applicable to the ser-
geant's case, the arbitrator granted relief under a section of the
city charter which provides that the city council may grant
relief in the interests of the city and its residents. The court,
James S. Thorburn, J., granted summary disposition to defen-
dant for enforcement of the award. Plaintiff appealed.

The Court of Appeals held:

An arbitration award is legitimate only so long as it draws
its essence from the collective bargaining agreement. The arbi-
trator exceeded his authority by ignoring the collective bargain-
ing agreement.

Reversed.

ARBITRATION — COLLECTIVE BARGAINING AGREEMENTS — APPEAL.

An arbitration award is legitimate only so long as it draws its
essence from the collective bargaining agreement; where an
arbitrator's words manifest an infidelity to this obligation,
courts have no choice but to refuse enforcement of the award.

*City of Pontiac—Department of Law* (by *Hurti-
cene Hardaway-Shepherd*), for appellant.

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1838, 1843, 1851; Sheriffs,
Police, and Constables § 10.

Validity, construction, and application of enactments relating to
requirement of residency within or near specified government
unit as condition of continued employment for policemen or
firemen. 4 ALR4th 380.

*Gregory, Moore, Jeakle & Heinen* (by *Gordon A. Gregory* and *Jeffrey J. Ellison*), for appellee.

Before: McDonald, P.J., and Holbrook, Jr., and Reilly, JJ.

Per Curiam. Plaintiff appeals as of right from a May 17, 1988, judgment granting defendant's motion for summary disposition dismissing plaintiff's complaint and granting judgment in favor of defendant on its counterclaim to enforce a January 13, 1988, arbitration award. We reverse.

The underlying facts are not in dispute. Sergeant James Webb was hired as a patrolman on December 22, 1969. On December 16, 1984, Webb was promoted to the rank of sergeant, and became a member of the defendant union. In February of 1987, Sergeant Webb, then living within the city limits of Pontiac, related to the chief of police his desire to move to Oxford, Michigan, to live with his wife with whom he had recently settled marital differences. Sergeant Webb's request was subsequently denied as the city determined the move would violate the residency requirement of the collective bargaining agreement.

On February 23, 1987, the union filed a grievance on behalf of Sergeant Webb pursuant to article III, § 1, the grievance procedure of the collective bargaining agreement. Sergeant Webb's grievance ultimately went to arbitration in accordance with step five of the grievance procedure. The arbitrator concluded Sergeant Webb was bound by the residency requirements of the agreement, specifically article X, § 8, exception 7. Said residence requirement provides "an exception to the above requirement shall exist for an officer whose spouse's employment requirements mandate residence with any city besides Pontiac." However,

Sergeant Webb's wife was not subject to a residency requirement with her employment with the Troy Police Department.

Nevertheless, pursuant to the third paragraph of § 6.103 of the city charter which is incorporated by reference in article X, § 8 of the collective bargaining agreement, which provides that "[u]pon a specific finding that the interests of the city and its residents would be best served in a given case by granting relief from this section, five members of the city council, subject to mayoral veto . . . may grant appropriate relief," the arbitrator granted the grievant Sergeant Webb his requested relief, the award stating:

#### AWARD

1. Partially denied. The City did not violate any of the listed exceptions in Article X, Section 8,7, more specifically, the Grievant lost his right to the benefit of Exception 7 when he moved into Pontiac, where he now resides. The Grievant is entitled to relief under the third paragraph of Section 6.103 of the City Charter which is incorporated in Article X, Section 8.

2. Partially granted. Because of "public policy" favoring marriages, the Grievant is permitted to live with his wife in Oxford, Michigan without the threat that "his job may be in jeopardy."

The city filed a complaint in the circuit court to vacate and modify the arbitrator's award, contending that the arbitrator had exceeded his authority by ignoring the plain language of the collective bargaining agreement. The circuit court denied plaintiff's motion for summary disposition and granted defendant's motion for summary disposition for enforcement of the arbitrator's award.

Although the scope of judicial review of arbitra-

tion awards is extremely limited, an arbitrator is confined to interpretation and application of the collective bargaining agreement and may not sit to dispense his own brand of "industrial justice." An award is legitimate only so long as it draws its essence from the collective bargaining agreement. Where an arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award. *Port Huron Area School Dist v Port Huron Ed Ass'n,* 426 Mich 143; 393 NW2d 811 (1986). We believe the arbitration award at issue in the instant case represents the arbitrator's attempt to dispense his own brand of "industrial justice." Section 6.103, paragraph three of the city charter relied upon by the arbitrator reserves the right to grant relief from the residency requirement in the city council alone, subject only to the mayoral veto. Anticipating the council would not grant relief from the residency requirement, the arbitrator usurped the council's expressed right to make the determination and at the same time effectively reduced the residency requirement of the collective bargaining agreement to a nullity.

Thus, as we find the arbitrator exceeded his authority by ignoring the plain unambiguous language of the collective bargaining agreement, we reverse.