*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN AFSCME COUNCIL 25 AND ITS
AFFILIATED LOCALS 25, 101, 409, 1659, 1862,
2057, 2926, & 3317,

        Plaintiff-Appellee,

v

COUNTY OF WAYNE,

        Defendant-Appellant.

UNPUBLISHED
August 8, 2024

No. 363858
Wayne Circuit Court
LC No. 22-002735-CZ

Before: GADOLA, C.J., and PATEL and YOUNG, JJ.

PER CURIAM.

Defendant, Wayne County, appeals as of right the circuit court's order granting the motion of plaintiff, Michigan AFSCME Council 25 and affiliated Locals 25, 101, 409, 1659, 1862, 2057, 2926, and 3317, seeking to enforce the parties' arbitration award. We affirm.

## I. FACTS

This case involves a dispute over health care benefits for certain of defendant's employees who qualify for disability pensions. Plaintiff is the union representing certain of defendant's employees under three collective bargaining agreements (CBAs). Defendant Wayne County is the plan sponsor to the Wayne County Employees Retirement System (WCERS), the details of which are codified in the WCERS Retirement Ordinance. The ordinance sets forth the age and service requirements for the employees to qualify for pension benefits under the six plans included in the retirement system. The plans affecting the employees under the CBAs in this case provided, in relevant part:

> Unless otherwise specified, regardless of the Retirement Plan all employees hired on or after December 1, 1990 shall not be eligible for insurance and health care benefits upon retirement unless they retire with thirty (30) or more years of service; however, effective November 16, 2001 employees in Plan No. 2, Plan No. 3, Plan No. 4, and Plan 5, shall be eligible to retire with insurance and health care benefits

-1-

provided he or she has fifteen (15) or more years of service and is age sixty (60) or older. . . .

The parties agree that before 2008, an employee qualifying for a duty or nonduty disability pension also was paid health care benefits in conjunction with the pension, regardless of whether the employee met the requirements to receive the health care benefits. In 2008, defendant entered into new CBAs with two of the bargaining units in this case, and extended the existing CBA with the third bargaining unit. The parties agree that after July 2008, at least four employees retired and were granted disability pensions and also were provided retirement health care benefits, despite not having met the age and years of service requirements previously noted.

Thereafter, defendant determined that it would pay health care benefits to employees who qualified for disability pensions only if the employees also met the requirements for health care benefits.[1] Plaintiff filed a complaint with the Michigan Employment Relations Commission (MERC) alleging that defendant engaged in an unfair labor practice by requiring employees to meet the contractual age and service requirements to qualify to receive health care benefits when retiring on duty or nonduty disability pensions. Plaintiff alleged that because defendant had a past practice of awarding health care benefits to employees who received disability pensions regardless of whether the employee met the contractual age and service requirements, the Public Employment Relations Act (PERA), MCL 423.201 *et seq*., required defendant to bargain in good faith before altering that practice.

The administrative law judge determined that the relevant CBAs were silent with regard to health care benefits for disability retirees, and that defendant's past practice of paying its disability

---

[1] In 2010, defendant issued Administrative Personnel Order 1-2010, which provided:

Due to extreme economic challenges that the County is facing, it has had to reevaluate the cost of providing discretionary health care benefits previously provided to employees in receipt of a duty or non-duty disability retirement, who do not meet the age and service requirements for a service pension.

In an effort to address a serious budgetary deficit, the County can no longer afford to provide discretionary health care benefits to employees in receipt of duty and non-duty disability retirements.

Therefore, employees applying for a duty or non-duty disability retirement on or after May 1, 2010 will no longer be eligible to receive health care benefits in conjunction with the duty or non-duty disability pension benefits.

Employees who meet all age and service requirements will still be eligible for health care benefits pursuant to applicable Collective Bargaining Agreements and the County's Health and Welfare Benefits Plan.

retirees health care benefits obligated defendant to bargain with plaintiff before changing that practice. The MERC affirmed the administrative law judge's decision.

Defendant appealed to this Court, which reversed the MERC decision and remanded the matter, ordering the parties to participate in arbitration. See *County of Wayne v Michigan AFSCME Council 25*, unpublished per curiam opinion of the Court of Appeals, issued October 9, 2014 (Docket No. 312708), p 3-4. This Court explained that when a party alleges an unfair labor practice, the MERC must determine whether the disputed issue is covered by the CBA; if so, then the issue is properly determined by the parties' grievance procedure, in this case, arbitration. *Id*. at 3. This Court found that in this case the disputed issue was covered by the parties' CBAs because the CBAs "contain language that addresses retiree eligibility and health care." *Id*. This Court held that MERC thus exceeded its authority by reaching the substantive issue whether defendant was obligated to bargain with plaintiff before changing its past practice. This Court remanded "for further proceedings consistent with this opinion," *id*. at 1, and instructed that the proper proceeding below was to be arbitration, *id*. at 3. This Court specifically instructed:

> The issue between the parties remains whether the continuation of the practice of awarding health insurance to individuals with disability retirement after the 2008 contract, and despite the zipper clause, constituted a past practice that required additional bargaining to change. On remand, the charging parties will have to employ the test from [*Macomb Co v*] *AFSCME Council 25* [, 494 Mich 65; 833 NW2d 225 (2013)] and demonstrate that there existed a "meeting of the minds with respect to the new terms or conditions – [with respondent ] intentionally choosing to reject the negotiated contract and knowingly act in accordance with the past practice." [*County of Wayne v Michigan AFSCME Council 25*, unpub op at 4 (quotation marks and citations omitted).]

The parties thereafter participated in arbitration, at the conclusion of which the arbitrator granted plaintiff's grievance, summarizing in relevant part:

> Nothing in the parties' 2008 agreements evidenced an intent to repudiate or change the long-standing past practice of providing healthcare benefits to disability retirees so long as they met the service requirements for disability retirement pension benefits. The parties incorporated the 2006 Health and Welfare Benefit Plan into their collective bargaining agreement which provided that retirees may be eligible for healthcare benefits if they have met all age and service requirements of the applicable retirement plan. The parties' past practice makes clear that the applicable retirement plan for disability retirees is the duty or nonduty disability retirement plan. The County was unable to show that the parties intended to modify this fringe benefit.

In reaching this decision, the arbitrator stated that "[a]ll the contracts are silent regarding eligibility for healthcare benefits when retiring on a disability (duty or nonduty) retirement." The arbitrator held that defendant had violated the CBAs by altering its past practices regarding healthcare benefits for newly approved duty and nonduty disability retirees and ordered defendant to rescind Administrative Personnel Order 1-2010 and to "make whole any duty or nonduty disability retiree who was improperly denied healthcare benefits after 2010 by virtue of the fact

that they did not meet the age and service requirements for 'normal' retirement." Plaintiff filed this action in the circuit court and moved to enforce the arbitration award. The circuit court granted plaintiff's motion. Defendant now appeals.

## II.  DISCUSSION

## A. STANDARD OF REVIEW

We review de novo the circuit court's decision to enforce an arbitration award, *Eppel v Eppel*, 322 Mich App 562, 571; 912 NW2d 584 (2018), and also whether an arbitrator exceeded his or her authority, *Radwan v Ameriprise Ins Co*, 327 Mich App 159, 164; 933 NW2d 385 (2019). Judicial review of an arbitration decision, however, is narrowly limited; we do not review the arbitrator's factual findings, engage in contract interpretation, nor review the decision on the merits. *Michigan Dep't of State Police v Michigan State Police Troopers Ass'n*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363241); slip op at 4. If the arbitrator did not disregard the terms of his or her employment and the scope of his or her authority as provided in the contract, judicial review effectively ceases. *Id*. This Court also will consider "whether the [arbitrator's] award rests upon an error of law of such materiality that it can be said the arbitrators exceeded their powers," but we "will not set aside an arbitration award unless the arbitrator committed legal error, '*and* that, but for such error, a *substantially different award* must have been made.' " *Kilpatrick v Lansing Community College*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361300); slip op at 3, quoting *DAIIE v Gavin*, 416 Mich 407, 433; 331 NW2d 418 (1982). We also review de novo whether a lower court followed a remand order of this Court and whether the trial court correctly applied the law of the case doctrine. *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 406; 952 NW2d 586 (2020).

## B.  LAW OF THE CASE

Defendant contends that the arbitrator's decision conflicts with this Court's 2014 decision in this case, thereby violating the doctrine of law of the case. Our Supreme Court has explained that doctrine as follows:

> Under the law of the case doctrine, "if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same" . . . . The appellate court's decision likewise binds lower tribunals because the tribunal may not take action on remand that is inconsistent with the judgment of the appellate court. . . . Thus, as a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals. [*Grievance Administrator v Lopatin*, 462 Mich 235, 259-260; 612 NW2d 120 (2000) (citations omitted).]

Trial courts are bound by the law of the case doctrine unless there is a material change in the facts or an intervening change in the law. *Wright*, 331 Mich App at 407. The doctrine is based on the need for finality of judgments and also the appellate court's lack of jurisdiction to modify its own previous opinions except on rehearing. *Id*. at 406-407. However, the law of the case

doctrine applies "only to issues actually decided, either implicitly or explicitly, in the prior appeal," and does not apply to claims not decided on the merits. *Lopatin*, 462 Mich at 260.

Defendant argues that this Court determined in its 2014 decision that the parties' CBAs were unambiguous, but the arbitrator thereafter found that the CBAs were ambiguous, thereby violating the law of the case doctrine. In its 2014 decision, this Court undertook to determine whether the parties' dispute was properly before MERC. This Court explained:

> As an initial matter it must be determined whether the contractual language covers the subject at issue. "[W]hen a charging party clams that a respondent has failed to bargain over a mandatory subject of bargaining, the MERC must determine whether the agreement 'covers' the dispute." *AFSCME Council 25*, 494 Mich at 80 (citation and quotation marks omitted). The holding in *AFSCME Council 25* is that if the disputed issue is covered in the CBA, then the grievance procedure, and not the MERC, becomes the appropriate avenue for addressing the charging parties' claims. *Id*. at 87.
>
> The ALJ and majority of the MERC panel erroneously determined that the relevant CBAs were silent with regard to health care benefits for disability retirees. Although the CBAs do not specifically reference the right to health care benefits for "disability retirees," this does not render the contracts silent on this subject, as "[a] subject need not be explicitly mentioned in an agreement in order for the subject to be 'covered by' the agreements." *Port Huron Ed Ass'n*, 452 Mich at 322 n 16 (citation omitted). The relevant CBAs and the Health and Welfare Benefit Plans reference employees needing to meet age and/or years of service criteria in order to qualify for health care benefits upon retirement. The 2006 Health and Welfare Benefit Plan clearly indicated: "*All employees* hired or rehired on or after December 1, 1990 *shall not be eligible for health care benefits . . . upon retirement unless they retire with thirty (30) or more years of credit service*." (Emphasis added.) Because the contract language is unambiguous, *Port Huron Ed Ass'n*, 452 Mich at 323, it should be given its plain meaning, *Calhoun Co v Blue Cross Blue Shield Mich*, 297 Mich App 1, 13; 824 NW2d 202 (2012). [*County of Wayne v Michigan AFSCME Council 25*, unpub op at 3-4.]

This Court thus concluded that the CBAs unambiguously included the subject matter of the parties' dispute, which was disability retirees' entitlement to health care benefits. This Court did not determine, however, whether the CBAs were unambiguous in setting forth the requirements for disability retirees to receive health care benefits. Rather, the arbitrator was tasked with determining the underlying dispute whether disability retirees were entitled to health care benefits under the parties' CBAs. On remand, the arbitrator correctly observed that the only question that

this Court resolved was whether the CBAs encompassed the dispute, and otherwise "left to the arbitrator to make the final determination on the issue."[2]

To summarize, the issue before this Court in this case in 2014 was whether the disputed issue was encompassed by the parties CBAs; if so, then the parties' grievance procedure was the proper avenue to address plaintiff's past-practice claim. *County of Wayne v Michigan AFSCME Council 25*, unpub op at 2-3. This Court concluded that the CBAs were unambiguous in that they were not silent on the issue, and therefore a remand for arbitration was the appropriate remedy to address the past-practice claim. *Id*. at 3. This Court then identified the remaining issue involving the past practice, and noted that it was left to the arbitrator to make the final determination on the issue. *Id*. at 4. Accordingly, despite this Court's brief commentary on other issues, this Court decided only that the matter should be remanded for arbitration and did not decide the merits of the underlying dispute regarding health care benefits; any extraneous discussion of law by the Court was obiter dictum lacking the force of an adjudication. See *Griswold Properties, LLC v Lexington Ins Co*, 276 Mich App 551, 557-558; 741 NW2d 549 (2007). The arbitrator therefore did not violate the law of the case doctrine by finding ambiguity in certain provisions of the CBAs with respect to the underlying dispute.

## C. SCOPE OF REMAND

Defendant contends that the trial court erred by enforcing the arbitrator's award because the arbitrator failed to act within the scope of this Court's remand order by failing to follow this Court's directive that on remand the arbitrator determine whether plaintiff demonstrated a meeting of the minds with defendant as set forth in *Macomb Co v AFSCME Council 25*, 494 Mich 65, 89; 833 NW2d 225 (2013). In Michigan, a lower court is required to strictly comply with, and may not exceed, the scope of a remand order.[3] *Id*. at 352. However, the lower court may decide matters not foreclosed by the remand order. *Id*.

---

[2] The arbitrator was not constrained by this Court's determination when considering whether the reference in the CBAs to "[a]ny employee" was ambiguous in the context of whether it was meant to apply to disability retirees. The provision of the 2006 Health and Welfare Benefit Plan (HWBP) cited by this Court provides: "*All employees* hired or rehired on or after December 1, 1990 *shall not be eligible for health care benefits . . . upon retirement unless they retire with thirty (30) or more years of credit service.*" *Wayne Co*, unpub op at 3 (emphasis added in *Wayne Co*). The arbitrator referred to a different provision, which provides: "Any employee hired on or after December 1, 1990 shall not be eligible for insurance and health care benefits upon retirement unless they retire with thirty (30) or more years of service; however, effective November 16, 2001 employees in Plan No. 2, Plan No. 3 and Plan No. 4 shall be eligible to retire with insurance and health care benefits provided he or she has fifteen (15) or more years of service and is age sixty (60)."

[3] The duty of a trial court to remain within the scope of a remand order is distinct from the doctrine of law of the case. *Internat'l Business Machines Corp v Dep't of Treasury*, 316 Mich App 346, 351-352; 891 NW2d 880 (2016).

In this Court's 2014 decision in this case, this Court reversed the decision of the MERC and remanded "for proceedings consistent with this opinion." *County of Wayne v Michigan AFSCME Council 25*, unpub op at 5. This Court determined that the parties CBAs called for arbitration and that the arbitration analysis was dictated by our Supreme Court's opinion in *Macomb Co v AFSCME Council 25*, 494 Mich 65. This Court stated:

> The issue between the parties remains whether the continuation of the practice of awarding health insurance to individuals with disability retirement after the 2008 contract, and despite the zipper clause, constituted a past practice that required additional bargaining to change. On remand, the charging parties will have to employ the test from [*Macomb Co v*] *AFSCME Council 25* [, 494 Mich 65; 833 NW2d 225 (2013)] and demonstrate that there existed a "meeting of the minds with respect to the new terms or conditions…."
>
> * * *
>
> On remand, the arbitrator is to determine whether the test in AFSCME Council 25 has been met and if so, the appropriate contractual remedy. [*County of Wayne v Michigan AFSCME Council 25*, unpub op at 4.]

This Court identified the remaining issue between the parties and, in doing so, identified the test applicable to overcome unambiguous contract language. See *id*. This Court, however, did not foreclose the possibility that the arbitrator might, in resolving the underlying issue, find ambiguity in the parties' agreement. As noted, interpretation of the contract was a question for the arbitrator; although this Court identified the remaining underlying issue, this Court expressly stated that the final determination was for the arbitrator. *County of Wayne v Michigan AFSCME Council 25*, unpub op at 4. In *AFSCME Council 25*, 494 Mich at 82, the Court set forth the "exceedingly high burden" that must be met in order to overcome unambiguous language in a CBA. The Court was clarifying its earlier decision in *Port Huron Ed Ass'n MEA/NEA v Port Huron Area Sch Dist*, 452 Mich 309, 325; 550 NW2d 228 (1996), in which the Court explained that "[w]here the collective bargaining agreement is ambiguous or silent on the subject for which the past practice has developed, there need only be tacit agreement that the practice would continue." *AFSCME Council 25*, 494 Mich at 82, quoting *Port Huron Ed Ass'n*, 452 Mich at 325. Again, this Court's statement of the standard applicable to an unambiguous contract did not preclude the arbitrator finding ambiguity within the parties' contract regarding the specific issue before the arbitrator. Thus, the arbitrator was not bound by this Court's discussion anticipating the arbitrator's treatment of the specific issue before the arbitrator.

## D. ARBITRATION AWARD

Defendant also contends that the arbitrator failed to adhere to the language of the CBAs and the relevant law. Defendant argues that the CBAs are unambiguous, that there was no evidence of a meeting of the minds, that the arbitrator dispensed her own brand of "industrial justice," and that the zipper clause prevents enforcement of the award.

As discussed, the scope of our review of an arbitration award is narrowly limited, and we do not review the arbitrator's factual findings, engage in contract interpretation, nor review the

decision on the merits. *Michigan Dep't of State Police*, ___ Mich App at ___; slip op at 4. If the arbitrator did not disregard the terms of his or her employment and the scope of his or her authority as provided in the contract, judicial review effectively ceases. *Id*. This Court will consider, however, whether the arbitrator committed legal error without which a substantially different award would have been made. *Kilpatrick*, ___ Mich App at ___; slip op at 3.

Here, the arbitrator determined that the CBAs were ambiguous with regard to the entitlement of disability retirees to health care benefits. The arbitrator observed that the provision cited by this Court in its 2014 decision aligned with the requirements for "normal" retirement, while the "detailed provisions" in the ordinance for disability retirement were different and the ordinance did not specifically address healthcare benefits for disability retirees. The arbitrator also found that no language changed in the 2006 Health and Welfare Benefit Plan (HWBP),[4] which was incorporated into the CBA, and therefore, it was logical to conclude that the benefit remained unchanged. The arbitrator found no contradictory term and thus concluded that the provision was subject to plausible conflicting interpretations.

Referring to the provision cited by this Court, the arbitrator stated, "[D]espite this provision ostensibly limiting the County's obligation to provide retiree healthcare benefits appearing in and remaining unchanged across several collective bargaining agreements, for more than thirty years the County continued to provide health care benefits to disability retirees who met service requirements for a disability pension benefit." The arbitrator found that, if the conduct established a separate provision, as plaintiff contended, there was no express repudiation of the 30-year practice and defendant did not change its practice until 2010, two years into the new contract. If the practice clarified the phrase "any employee," then there was no change in 2008 and the parties' practice showed a clear intent to apply the statement to only normal retirees. The arbitrator also concluded that the parties' conduct clarified the ambiguous phrase "applicable retirement plan" in the 2006 HWBP and showed a mutual intent to provide healthcare benefits to disability retirees, and "[a]ny other reading of these provisions would be nonsensical in light of the parties' mutually accepted and long-standing practice."

In this case, it cannot be said that the arbitrator made a material error of law. After finding ambiguity in the contract language, the arbitrator found no repudiation of the parties' past practice. The arbitrator found that the parties' conduct showed a "mutual intent to provide healthcare benefits to disability retirees upon their meeting age and service requirements for disability retirement pension." See *Port Huron Ed Ass'n*, 452 Mich at 325 (The arbitrator found an agreement to continue the past practice).

We will not overturn the arbitrator's construction and application of the parties' agreement. See *City of Ann Arbor v AFSCME Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009).

---

[4] The arbitrator referred to the following provision in the 2006 HWBP:

> Employees in retirement plans #1 through #6 may be eligible for health care benefits and life insurance upon retirement if they have met all the age and service requirements of the applicable retirement plan.

Similarly, the arbitrator did not dispense her "own brand of 'industrial justice;' " the arbitrator's decision is legitimate because it drew "its essence from the collective bargaining agreement." See *Pontiac v Pontiac Police Supervisors Ass'n*, 181 Mich App 632, 635; 450 NW2d 20 (1989).

Finally, defendant contends that the zipper clause prevents enforcement of the award as to Local 3317 retirees. That clause provides:

43.09 Entire Agreement

This Agreement contains the entire understanding and agreement of the parties. It is further agreed that there are no verbal agreements or understandings or past practices that affect or qualify any of the terms of this Agreement. This Agreement and all the provisions herein shall not be altered, modified, or changed unless mutually agreed to by the Labor Relations Director and the Union.

The arbitrator, however, concluded that the zipper clause was not determinative because the more specific "savings clause" provision prevails over the zipper clause. The "savings clause" provides:

Wages, hours and conditions of employment legally in effect at the execution of this Agreement shall, except as changed herein, be maintained during the term of this Agreement. No employee shall suffer a reduction in such benefit as a consequence of the execution of this Agreement.

The arbitrator relied on the interpretation rule that a more specific contract provision prevails over a general one. See *Village of Edmore v Crystal Automation Sys Inc*, 322 Mich App 244, 263; 911 NW2d 241 (2017). The arbitrator's finding that the saving provision applied to the benefit in this case was not based on a clear error of law and must be upheld. Similarly, the trial court did not err by upholding the arbitration award.

Affirmed.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Adrienne N. Young