*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TORIANO HUDSON,

        Plaintiff-Appellant,

v

DEPARTMENT OF CORRECTIONS,

        Defendant-Appellee.

FOR PUBLICATION
July 29, 2025
10:28 AM

No. 367902
Wayne Circuit Court
LC No. 22-007764-CD

Before: MALDONADO, P.J., and GADOLA, C.J., and SWARTZLE, CAMERON, REDFORD, FEENEY, AND YOUNG, JJ.

MALDONADO, P.J.

MCL 600.6431(1) provides that a plaintiff cannot sue the state of Michigan without first filing a notice within one year after the date at which the claim accrued. However, some discord has emerged regarding the application of this statute, so this special panel was convened pursuant to MCL 7.215(J) to lay this issue to rest.

In *Tyrrell v Univ of Mich*, 335 Mich App 254, 272; 966 NW2d 219 (2020), this Court held that MCL 600.6431(1) applies only to Court of Claims proceedings, and compliance with the statute is not necessary for cases in which the plaintiff sues the state in the circuit court. This holding stood for approximately two-and-a-half years until it was overruled by the Supreme Court. In *Christie v Wayne State Univ*, 511 Mich 39, 52; 993 NW2d 203 (2023), the Supreme Court held that plaintiffs always must comply with MCL 600.6431(1) to sue the state, regardless of the forum.

In late 2024, this Court issued three published opinions addressing *Christie*'s retroactivity. In *Flamont v Dep't of Corrections*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367863); slip op at 5-6, this Court held that *Christie* has full retroactive effect because it did not establish a new rule of law. However, in *Landin v Dep't of Health & Human Servs*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367356); slip op at 8-9, a subsequent panel held that *Christie* does not apply retroactively to cases in which the one-year notice period lapsed while *Tyrrell* was still good law. Finally, in *Hudson v Dep't of Corrections*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367902); slip op at 1 (*Hudson I*), the panel acknowledged that

it was bound by *Landin* but believed that *Landin* conflicted with *Flamont*. Therefore, the *Hudson I* panel requested convening a special panel to resolve the conflict.

Consistent with MCR 7.215(J)(3)(a), the judges of this Court were polled, and it was determined that this special panel would be formed to resolve the conflict. We conclude that this Court's decision in *Flamont* bound the panel in *Landin* to apply *Christie* and affirm the trial court's dismissal of the plaintiff's lawsuit. Applying *Christie* in the present case, we affirm the trial court's order granting summary disposition pursuant to MCR 2.116(C)(7).

## I. LEGAL BACKGROUND

### A. MCL 600.6431, *TYRRELL*, AND *CHRISTIE*

The structure and jurisdiction of the Court of Claims is laid out in the Court of Claims Act (COCA), MCL 600.6401 *et seq*. Section 6431 dictates that the state must be notified prior to the initiation of a lawsuit against it:

> Except as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies. [MCL 600.6431(1).]

This Court was charged with interpreting MCL 600.6431(1) when it decided *Tyrrell*. In *Tyrrell*, the plaintiff sued the University of Michigan *in the circuit court* for alleged civil rights violations. *Tyrrell*, 335 Mich App at 258. The University moved for summary disposition on the basis of the plaintiff's failure to comply with the notice requirement in MCL 600.6431. *Id*. This Court concluded "that MCL 600.6431 does not apply to claims filed in circuit court . . . ." *Id*. at 271. *Tyrrell* was subsequently overruled by *Christie*, 511 Mich at 52. In that case, the Supreme Court held that "MCL 600.6431(1) applies to all claims against the state, including those filed in the circuit court, except as otherwise exempted in MCL 600.6431 itself." *Id*.

However, the Supreme Court did not address whether its holding would apply retroactively. Accordingly, this Court had to decide how to handle post-*Tyrell*, pre-*Christie* cases in which the plaintiff filed suit in the circuit court without complying with the notice requirements in MCL 600.64319(1).

### B. *FLAMONT*

In *Flamont*, the plaintiff filed a sex-discrimination lawsuit against the Michigan Department of Corrections (MDOC) in the Washtenaw Circuit Court. *Flamont*, ___ Mich App at ___; slip op at 1-2. The lawsuit was filed in 2019, before *Tyrrell* was decided, and the plaintiff did not comply with the MCL 600.6431(1) notice requirement. *Id*. at ___; slip op at 2. The MDOC moved for summary disposition pursuant to MCR 2.116(C)(7), arguing that the plaintiff's failure to file a notice was fatal to her claim. *Id*. During the pendency of the plaintiff's lawsuit, *Tyrrell* was decided and then overruled by *Christie*. *Id*. The trial court concluded that *Christie* does not apply retroactively and, accordingly, denied the MDOC's motion for summary disposition. *Id*.

On appeal, this Court identified "the 'general rule' that judicial decisions are given full retroactive effect." *Id*. at \_\_\_; slip op at 3 (quotation marks and citation omitted). This Court then acknowledged that "a more flexible approach" is allowed to avoid injustice and laid out the test for retroactivity:

> There is a threshold question whether the decision clearly establishes a new principle of law. If a decision establishes a new principle of law, we then consider three factors: (1) the purpose to be served by the new rule, (2) the extent of the reliance on the old rule, and (3) the effect of retroactivity on the administration of justice. [*Id*. at \_\_\_; slip op at 4 (quotation marks, citations, and alterations omitted).]

However, this Court did not reach those three factors because it concluded that *Christie* did not establish a new rule:

> It is evident from the Supreme Court's reasoning in *Christie* that the Court's decision was based on construing the plain and unambiguous language of MCL 600.6431 to reach a determination that was further supported by the operation of the COCA as a limited waiver of the state's sovereign immunity. Our Supreme Court has explained that it does not announce a new rule of law when it overrules a decision of the Court of Appeals that misinterpreted a statute contrary to the statute's plain language, legislative intent, and existing precedent because in that situation, the Supreme Court has reaffirmed the existing law that was misinterpreted by the Court of Appeals. . . .
>
> \* \* \*
>
> In *Christie*, our Supreme Court clearly declared the meaning of the law as it existed, based on the unambiguous statutory language, and corrected a relatively short-lived misinterpretation of the law that had served to thwart the legislative intent and the mandated result. [*Id*. at \_\_\_; slip op at 5-6 (quotation marks and citations omitted).]

Because it concluded that *Christie* did not establish a new rule, this Court held that *Christie* "has *full retroactive effect* and therefore applies in the present case." *Id*. at \_\_\_; slip op at 6 (emphasis added).

## C. *LANDIN*

In *Landin*, the plaintiff brought a lawsuit against the Department of Health and Human Services (DHHS) after *Tyrrell* was decided but before *Christie* overruled *Tyrrell*. *Landin*, \_\_\_ Mich App at \_\_\_; slip op at 1. Relying on *Tyrrell*, the plaintiff did not file a notice pursuant to MCL 600.6431(1). *Id*. After *Christie* was decided, the circuit court dismissed the plaintiff's complaint on the basis of her failure to comply with the notice requirement, and the plaintiff appealed. *Id*. On appeal, this Court acknowledged the prior panel's holding in *Flamont* but explained why it viewed the case before it as distinguishable:

While [the plaintiff's] appeal was pending, a panel of the Court of Appeals held in [*Flamont*], a case filed before the decision in *Tyrrell* was issued, that in that circumstance *Christie* did not establish a new rule of law and should be applied retroactively. We take no issue with *Flamont*'s application of *Christie* to cases not affected by the *Tyrrell* decision. However, the question whether it should be applied retroactively to those cases in which the plaintiff relied upon the then-binding precedent of *Tyrrell* did not arise in *Flamont*. Indeed, *Flamont* makes no reference to cases filed in reliance on *Tyrrell* which is not surprising since the plaintiff could not and did not assert any such reliance given that the notice period applicable in *Flamont* had run before *Tyrrell* was decided.

The question whether *Christie* should be applied retroactively to post-*Tyrrell*/pre-*Christie* cases is now before us. [*Landin*, ___ Mich App at ___; slip op at 1-2 (footnote omitted).]

This Court then undertook a retroactivity analysis of *Christie* as applied to cases filed after *Tyrrell* was decided and before it was overruled. For those particular cases, this Court determined "that retroactive application of *Christie's* construction of MCL 600.6431(1) would be patently unjust and inequitable." *Id*. at ___; slip op at 6-7.[1]

D. *HUDSON I*

The present case is materially indistinguishable from *Landin*. As noted, plaintiff filed her claim against the MDOC in the circuit court after *Tyrrell* and before *Christie*, and she did not comply with the notice requirement in MCL 600.6431(1). *Hudson I*, ___ Mich App at ___; slip op at 1-2. The MDOC sought dismissal on the basis of governmental immunity, and the trial court, reasoning that *Christie* applies retroactively, granted the motion and dismissed the case. *Id*. at ___; slip op at 2. This Court acknowledged that, given the procedural posture, it was bound by this Court's opinion in *Landin* to reverse the grant of summary disposition and remand for the lawsuit to proceed. *Id*. at ___; slip op at 1. However, because the panel believed that *Landin* conflicted with *Flamont*, it "call[ed] for the convening of a special panel under MCR 7.215(J)(3) to consider the conflict between *Flamont* and that of *Landin* relative to the retroactivity of *Christie*." *Id*. Therefore, the entire bench was polled, and this special panel was convened.

---

[1] This Court's decision in *Landin* was not unanimous. In his dissenting opinion, Judge Yates expressed agreement with the majority's "concerns about the propriety of invoking MCL 600.6431(1) to close the courthouse doors" to the plaintiff, but he concluded that such an "outcome is mandated by this Court's published decision" in *Flamont. Landin*, ___ Mich App at ___ (YATES, J., concurring in part and dissenting in part); slip op at 1. Judge Yates reasoned that "the appropriate avenue for addressing those concerns flowing from the retroactive application of *Christie* is review by our Supreme Court." *Id*. at ___; slip op at 2.

## II. STARE DECISIS

It is clear from the analysis in *Hudson I* that the basis for the conflict was the Court's opinion that *Landin* violated *Flamont*. Accordingly, our task is to analyze whether the panel deciding *Landin* was bound by this Court's decision in *Flamont*. We conclude that it was. Accordingly, we affirm the trial court's order dismissing plaintiff's lawsuit.

"A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis." MCR 7.215(C)(2). "The essence of the common law doctrine of precedent or stare decisis is that the rule of the case creates a binding legal precept." *People v Eliason*, 300 Mich App 293, 312; 833 NW2d 357 (2013) (quotation marks and citation omitted). This doctrine "promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process." *Ligons v Crittenton Hosp*, 490 Mich 61, 76 n 46; 803 NW2d 271 (2011) (quotation marks and citation omitted). Accordingly, "[a] panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990, that has not been reversed or modified by the Supreme Court, or by a special panel of the Court of Appeals . . . ." MCR 7.215(J)(1).

In *Flamont*, this Court declared that *Christie* has "full retroactive effect." *Flamont*, ___ Mich App at ___; slip op at 6. The analysis in *Landin* regarding *Christie*'s application to post-*Tyrrell* cases was thorough, detailed, and well thought out; however, it was irreconcilable with *Flamont*'s holding that *Christie* is fully retroactive.

The only way that *Landin* and *Flamont* could coexist is if the statement in *Flamont* that *Christie* is entirely retroactive can be construed as dictum. "Obiter dicta are not binding precedent. Instead, they are statements that are unnecessary to determine the case at hand and, thus, lack the force of an adjudication." *Auto Owners Inc Co v Seils*, 310 Mich App 132, 160 n 7; 871 NW2d 530 (2015) (quotation marks and citation omitted). "Stare decisis does not arise from a point addressed in obiter dictum. However, an issue that is intentionally addressed and decided is not dictum if the issue is germane to the controversy in the case, even if the issue was not necessarily decisive of the controversy in the case." *Griswold Props, LLC v Lexington Ins Co*, 276 Mich App 551, 563; 741 NW2d 549 (2007) (citation omitted).

We conclude that the statement in *Flamont* that *Christie* is fully retroactive was not dictum. In *Flamont*, this Court was squarely presented with the question of whether *Christie*'s application was retroactive or prospective. This Court's answer that *Christie* is fully retroactive was directly germane to the question with which it was presented. Therefore, although this Court raised important questions in *Landin* about the equity of enforcing *Christie* against those whom lost their claims in reliance on *Tyrrell*, the *Landin* panel was nevertheless bound by the *Flamont* panel.

## III. CONCLUSION

We agree with *Hudson I* that this Court's opinion in *Landin* conflicted with this Court's binding opinion in *Flamont*. Therefore, *Landin* shall no longer have precedential effect. See MCR 7.215(J)(6). The trial court's order granting summary disposition in favor of defendant is affirmed. Defendant, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Allie Greenleaf Maldonado
/s/ Michael F. Gadola
/s/ Brock A. Swartzle
/s/ Thomas C. Cameron
/s/ James Robert Redford
/s/ Adrienne N. Young