*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY EISENBERG, on Behalf of Himself and All Others Similarly Situated,

      Plaintiff-Appellee/Cross-Appellant,

v

GEORGE W. KUHN DRAINAGE DISTRICT,

      Defendant-Appellant/Cross-Appellee,

and

CITY OF ROYAL OAK,

      Defendant.

UNPUBLISHED
June 05, 2026
2:23 PM

No. 369632
Oakland Circuit Court
LC No. 2023-200422-CZ

Before: GADOLA, C.J., and REDFORD and RICK, JJ.

PER CURIAM.

Defendant, George W. Kuhn Drainage District (Drainage District), appeals by leave granted[1] the trial court's order denying summary disposition of plaintiff's claim for unjust enrichment under MCR 2.116(C)(8) (failure to state a claim on which relief can be granted). Additionally, plaintiff cross-appeals the trial court's order granting summary disposition of his claim of assumpsit in the Drainage District's favor under MCR 2.116(C)(8). We affirm.

## I. BACKGROUND

Plaintiff is a property owner in defendant Royal Oak, and he pays the city for water and sewer services. Royal Oak has a combined sanitary and storm sewer system that collects both stormwater runoff and sanitary sewage in the same pipe. The combined sewer system flows into

---

[1] *Eisenberg v George W Kuhn Drainage Dist*, unpublished order of the Court of Appeals, entered July 10, 2024 (Docket No. 369632).

-1-

the Southeastern Oakland County Sewage Disposal System (County System), which is owned by the Drainage District. The Drainage District is a component unit of the Oakland County government with a separate legal existence.

Royal Oak's sewage, combined with the sewage of other communities in the area, flows from the County System into a treatment plant operated by the Great Lakes Water Authority (GLWA) for disposal. GLWA charges the Drainage District a flat annual rate (Water Authority Charge) to dispose of the total sewage flows. The Drainage District allocates the Water Authority Charge to the municipalities in the district, separating the fee into a Sanitary Charge for sanitary sewage disposal and a Stormwater Charge for stormwater disposal. Royal Oak passes on these charges to its residents, including plaintiff. Plaintiff alleges that the Drainage District has charged ratepayers in Royal Oak a larger percentage of the Stormwater Charge than is proportionate to the stormwater flow that originates in Royal Oak. Consequently, plaintiff alleges that the Drainage District has overcharged the city for stormwater disposal since at least 2017, and the city has passed that overcharge on to its residents.

Plaintiff filed the instant suit on behalf of himself and a proposed class of similarly-situated Royal Oak ratepayers against both Royal Oak[2] and the Drainage District. The complaint alleged assumpsit and unjust enrichment against the city and the Drainage District. Plaintiff also included a request for injunctive relief in the alternative to the claims against the city.

The Drainage District filed a motion for summary disposition under both MCR 2.116(C)(7)[3] and MCR 2.116(C)(8). The Drainage District argued under MCR 2.116(C)(8) that plaintiff failed to state a claim for assumpsit because Michigan does not recognize assumpsit as an independent cause of action. Additionally, the Drainage District argued that plaintiff failed to state a claim for unjust enrichment because unjust enrichment requires the defendant's retention of a benefit received from the plaintiff. The Drainage District argued that plaintiff's complaint did not allege that the Drainage District retained the alleged overpayments received from plaintiff and the putative class. Consequently, the Drainage District argued that the elements of unjust enrichment were not met, and the claim should be dismissed as a matter of law. In his response, plaintiff argued that assumpsit remains a proper remedy for an unlawful government exaction. Although plaintiff did not address defendant's argument regarding unjust enrichment in his written response, he did argue at the hearing that under Michigan caselaw, over-collecting stormwater fees from some municipalities while under-collecting from other municipalities qualifies as unjust enrichment.

---

[2] Plaintiff stipulated to the dismissal of the claims for assumpsit and unjust enrichment against Royal Oak without prejudice, and Royal Oak is not a party to this appeal.

[3] The trial court denied the Drainage District's motion under MCR 2.116(C)(7) based on res judicata, collateral estoppel, and release. This decision has not been appealed and is not before this Court.

At a hearing on the motion, the trial court held that plaintiff's complaint stated a valid claim for unjust enrichment. As to the Drainage District's argument that the money was passed to GLWA and so the Drainage District did not unjustly retain a benefit, the trial court held as follows:

> I think the pleadings, if you read paragraphs 55 through 62, the entirety of it, you're talking about paying more money to the Drainage District than what they should have been charged.
>
> And that unjustly enriches the Drainage District because they're receiving that money. They're in receipt of it.
>
> What they choose to do with it, you know, I think it's there. I think you could—a jury could find, I think a trier of fact could find how they were unjustly enriched based on what's pled.

As to plaintiff's assumpsit claim, the trial court held that the claim does not exist under Michigan law. Although it could not be maintained as a separate claim, the court held that it "would survive under unjust enrichment." The Drainage District's appeal, and plaintiff's cross-appeal, followed.

## II. STANDARDS OF REVIEW

We review a trial court's decision to grant or deny summary disposition de novo. *Krieger v Dep't of Environment, Great Lakes, & Energy*, 348 Mich App 156, 170; 17 NW3d 700 (2023).

"A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). All well-pleaded facts are accepted as true and must be construed in the light most favorable to the nonmoving party. *Id*. Summary disposition is warranted under MCR 2.116(C)(8) only "where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Id*. (quotation marks and citation omitted). When deciding a motion under MCR 2.116(C)(8), a court may consider only the pleadings. MCR 2.116(G)(5).

## III. UNJUST ENRICHMENT

Whether a party has been unjustly enriched is a question of fact, but "whether a claim for unjust enrichment can be maintained is a question of law, which we review de novo." *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 193; 729 NW2d 898 (2006).

The Drainage District argues that the trial court erred when it denied summary disposition of plaintiff's claim of unjust enrichment because plaintiff's complaint does not allege that the Drainage District "retained" the benefit collected from the putative class, i.e., the alleged stormwater overcharge. We disagree.

Under the equitable doctrine of unjust enrichment, "[a] person who has been unjustly enriched at the expense of another is required to make restitution to the other." *Kammer Asphalt Paving Co v East China Twp Sch*, 443 Mich 176, 185; 504 NW2d 635 (1993) (citation and quotation marks omitted). Our Supreme Court has further explained that unjust enrichment

characterizes "the result or effect of a failure to make restitution of or for property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor." *Buell v Orion State Bank*, 327 Mich 43, 56; 41 NW2d 472 (1950) (quotation marks and citation omitted).

In order to maintain a claim for unjust enrichment, a plaintiff must demonstrate "(1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Morris Pumps*, 273 Mich App at 195. The claim is "grounded in the idea that a party shall not be allowed to profit or enrich himself inequitably at another's expense." *Wright v Genesee Co*, 504 Mich 410, 417-418; 934 NW2d 805 (2019) (quotation marks and citation omitted). Consequently, "[e]ven where a person has received a benefit from another, he is liable to pay therefor only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it." *NL Ventures VI Farmington, LLC v Livonia*, 314 Mich App 222, 241; 886 NW2d 772 (2016) (quotation marks and citation omitted). The law of unjust enrichment "corrects for a benefit received by the defendant rather than compensating for the defendant's wrongful behavior." *Wright*, 504 Mich at 422. "The remedy for unjust enrichment is restitution." *Id*. at 418. "Restitution restores a party who yielded excessive and unjust benefits to his or her rightful position." *Id*. at 419.

This Court has previously held that unjust enrichment can provide a framework for recovery of overcharges in contemporary municipal utility ratemaking cases, but there is a "rebuttable presumption that a municipality's utility rates are reasonable." *Youmans v Charter Twp of Bloomfield*, 336 Mich App 161, 214; 969 NW2d 570 (2021). To recover for unjust enrichment, therefore, a plaintiff must rebut the presumption of reasonableness by (1) presenting clear evidence of illegal or improper expenses included in a municipal utility's rates and (2) demonstrating that the rates, viewed as a whole, are unreasonable. *Id*. at 217-218.

When parsing the particulars of an unjust enrichment claim, Michigan courts often look to the Restatement of Restitution and Unjust Enrichment for guidance. See *Wright*, 504 Mich at 419-420. The Restatement specifically addresses the recovery of taxes, fees, or other governmental charges paid in excess of the taxpayer's true obligation, usually induced by the mistaken belief, shared by both parties, that the tax or fee was valid and correctly assessed. 1 Restatement of Restitution & Unjust Enrichment, 3d, § 19, comment *a*. The taxpayer who has unknowingly overpaid may seek the return of his excess payment under an unjust enrichment theory because "such a payment results in the unjust and unjustified enrichment of the taxing authority, and indirectly of the claimant's fellow taxpayers, to the extent that it exceeds the amount properly payable." Restatement, § 19, comment *c*. A system of assessment has the dual purpose of raising revenue and also sharing a common burden, and the system "is disrupted by overpayment and underpayment alike." *Id*.

When bringing a claim premised on a municipality's unlawful exaction, a plaintiff may not recover "against one who has not been personally *enriched* by the transaction because the fundamental basis of the action is not only the loss occasioned to the plaintiff on account of the payment of the money, but the consequent enrichment of the defendant." *Youmans*, 336 Mich App at 213 (citation and quotation mark omitted). In an unjust enrichment action, the key inquiry is whether equity demands that the recipient of a benefit make restitution. *Tkachik v Mandeville*, 487 Mich 38, 49; 790 NW2d 260 (2010).

Change of position or "changed circumstances" may be an affirmative defense to an action for unjust enrichment. 2 Restatement of Restitution & Unjust Enrichment, 3d, § 65, comment *a*. A change of circumstances will terminate or reduce a party's right to restitution "if circumstances have so changed that it would be inequitable to require the other party to make full restitution." *Moritz v Horsman*, 305 Mich 627, 635; 9 NW2d 868 (1943). However, "[w]hen a claimant makes a payment that is otherwise subject to restitution, the fact that the recipient has spent the money is not of itself a defense to liability in restitution, because an expenditure of funds—without more—does not constitute a change of position." Restatement, § 65, comment *c*.

In the instant action, the Drainage District argues that the trial court erred in denying summary disposition of the unjust enrichment claim because plaintiff's complaint does not allege that the Drainage District retained any benefit from plaintiff. Rather, "the funds the Drainage District receives are used to pay GLWA's bills." In support of its argument, the Drainage District cites two unpublished decisions of this Court. In *Ganson v Detroit Pub Sch*, unpublished per curiam opinion of the Court of Appeals, issued January 21, 2021 (Docket No. 351276), this Court held that a plaintiff could not maintain an action for unjust enrichment against the Detroit Public Schools for the failure to pay his retirement benefits because a separate legal entity, the state of Michigan, was the entity that maintained his retirement benefits. *Id*. at 4. Additionally, in *Corey v Wayne Co*, unpublished per curiam opinion of the Court of Appeals, issued March 15, 2016 (Docket No. 325465), this Court held that the plaintiff could not maintain an unjust enrichment claim against Wayne County and the Wayne County Clerk when the Clerk collected an $80 fee which was deposited into a "Friend of the Court fund" by statutory mandate. *Id*. at 6. This Court held that "[w]ithout evidence that defendants failed to treat funds in this manner, this mandatory statutory scheme establishes that defendants did not receive a benefit from the fees collected or retained, and it follows that defendants could not have been unjustly enriched by collecting the fees pursuant to" the statute. *Id*.

As an initial matter, these cases are unpublished, and therefore not binding. MCR 7.215(C)(1). Additionally, these cases are distinguishable from this case. In *Ganson*, the Detroit Public Schools did not use the funds which would have provided the plaintiff's retirement benefit to pay its debt or operating expenses. Rather, the funds were simply being held by a different entity. *Ganson*, unpub op at 4. Similarly, in *Corey*, the plaintiff failed to put forth any specific facts or present any evidence that the clerk received any benefit from the fees she collected rather than simply processing the fees in accordance with the statutory mandates. *Corey*, unpub op at 6.

Here, however, plaintiff has alleged that the Drainage District received the funds from the alleged overpayments and used the funds to pay the charge that it was assessed by the GLWA. As the trial court noted, the complaint does sufficiently allege that the Drainage District received a benefit from plaintiff (the alleged overpayment), and then used that benefit by applying the funds to pay the Drainage District's debt to GLWA. The fact that the Drainage District no longer has the specific funds at issue in its possession does not defeat plaintiff's claim. Indeed, restitution, which is the remedy for unjust enrichment, requires an obligor "to pay the equivalent or the reasonable worth of the benefit received" even if the return of the exact benefit at issue is no longer possible. *Bowen v Detroit United R*, 212 Mich 432, 437; 180 NW 495 (1920) (citation and quotation marks omitted).

The cases discussing unjust enrichment under Michigan law emphasize that this equitable claim examines whether, "as between the two persons, it is unjust for [the defendant] to retain [the benefit]." *NL Ventures*, 314 Mich App at 241 (quotation marks and citation omitted). Consequently, the key inquiries in this case are (1) whether plaintiff conferred a benefit on the Drainage District that the Drainage District was not entitled to receive, and if so, (2) whether it is unjust, as between these two parties, for the Drainage District to retain the benefit. The fact that the Drainage District already used the benefit to pay its own liabilities to the GLWA does not change the equities as between plaintiff and the Drainage District.

The Drainage District's argument that it has spent the alleged overpayments does not mean that the claim for unjust enrichment is improper, but the Drainage District may later argue that there has been a change of circumstances given that it no longer possesses the funds, and that "it would be inequitable to require the [Drainage District] to make full restitution." *Moritz*, 305 Mich at 635. See also Restatement, § 65. However, this argument would be an affirmative defense because it "does not controvert the plaintiff's establishing a prima facie case, but . . . otherwise denies relief to the plaintiff." *Cole v Ladbroke Racing Mich, Inc*, 241 Mich App 1, 9; 614 NW2d 169 (2000) (citation and quotation marks omitted).

In the end, the trial court correctly determined that plaintiff's complaint states a cause of action for unjust enrichment, and the Drainage District is not entitled to relief on this basis.

## IV. ASSUMPSIT

Assumpsit is an action for money had and received. *Allen v Mich State Univ*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket Nos. 358135, 358136, and 358137); slip op at 18. The Michigan Supreme Court explained the equitable action of assumpsit in *Moore v Mandlebaum*, 8 Mich 433, 448 (1860), as follows:

> [T]he action of assumpsit for money had and received is essentially an equitable action, founded upon all the equitable circumstances of the case between the parties, and if it appear, from the whole case, that the defendant has in his hands money which, according to the rules of equity and good conscience, belongs, or ought to be paid, to the plaintiff, he is entitled to recover. And that, as a general rule, where money has been received by a defendant under any state of facts which would in a court of equity entitle the plaintiff to a decree for the money, when that is the specific relief sought, the same state of facts will entitle him to recover the money in this action.

Binding Michigan Supreme Court precedent makes clear that plaintiff may not maintain a separate cause of action for assumpsit because "assumpsit as a form of action was abolished." *Fisher Sand & Gravel Co v Neal A Sweebe, Inc*, 494 Mich 543, 564; 837 NW2d 244 (2013). Consequently, "assumpsit claims are simply a subset of unjust-enrichment claims." *Allen*, ___ Mich App at ___; slip op at 18. See also *Youmans*, 336 Mich App at 213; *Midwest Valve & Fitting Co v Detroit*, 347 Mich App 237, 251 & n 6; 14 NW3d 826 (2023).

We are bound by the doctrine of stare decisis to follow the decisions of our Supreme Court and the published opinions of this Court. *Griswold Props, LLC v Lexington Ins Co*, 276 Mich App

551, 563; 741 NW2d 549 (2007).  See also MCR 7.215(C)(2).   Accordingly, plaintiff has not demonstrated that the trial court erred when it dismissed his claim for assumpsit or his request for the remedy of assumpsit because the court's holding was in accordance with binding Michigan precedent.

Affirmed and remanded for further proceedings.  We do not retain jurisdiction.


/s/ Michael F. Gadola
/s/ James Robert Redford
/s/ Michelle M. Rick